30278. GREAT AMERICAN INDEMNITY COMPANY *v.* OXFORD.

DECIDED NOVEMBER 24, 1943.

*T. J. Long, R. O. Jackson,* for plaintiff in error.

*Fraser & Irwin, Thomas J. Brown Jr., Ernest M. Smith,* contra.

FELTON, J. This was an action instituted by W. K. Oxford against the Great American Indemnity Company on a liability-insurance policy filed with the Georgia Public Service Commission which insured persons injured by the negligent operation of the vehicles operated on the public highways of the State by F. N. Suddath, a motor common carrier under a certificate issued by the Public Service Commission. The petition alleged that the petitioner was riding as a passenger in an automobile, which had been following a large motor transport operated by F. N. Suddath; that the driver of the automobile undertook to pass the truck, and blew her horn two or three times to indicate to the driver of the truck that the automobile was about to pass the truck on a straight section of road, at the time free of other traffic; that as the automobile undertook to pass the truck the driver of the truck suddenly swerved the truck to the left and across the center line of the highway, forcing the driver of the automobile off the highway, causing

it to overturn and cause the injuries to the plaintiff. The jury returned a verdict for the plaintiff. The defendant's motion for new trial was overruled and it excepted.

1. Special ground 4 of the motion for a new trial assigns the following charge as error: "I charge you, gentlemen of the jury, that you are made the exclusive judges of the credibility of the witnesses. In passing upon their credibility, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or want of interest, their means and opportunity for knowing the facts to which they testify, the probability or improbability of the testimony and of the occurrences to which they testify, and also their personal credibility, so far as the same may legitimately appear upon the trial of this case. I charge you further, gentlemen, that this rule applies only where the witnesses are of equal credibility. This rule does not apply at all in a case where two witnesses directly contradict each other as to the existence or nonexistence, or as to the occurrence or nonoccurrence of the accident, when such thing, if it existed, or such action, if it occurred, would necessarily have been equally known to both of them." The assignment of error is that the "plaintiff in error contended before the trial judge that this charge was an incorrect statement of the law; that it eliminated from the jury's consideration any standard by which they were to arrive at the credibility of the witnesses." Immediately following the charge here excepted to the judge charged as follows: "I charge you further, gentlemen, that if, upon a consideration of the evidence in this case, you find that there is a conflict in the testimony between the witness or witnesses, it is your duty to reconcile this conflict, if you can, without imputing perjury to any witness and without imputing a false statement to anyone. If you can't do that, it then becomes your duty to believe that witness or those witnesses you may think best entitled to belief, and you may consider their interest or want of interest in the result of this case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts they testified about, and their personal credibility, so far as the same may legitimately appear from the trial of this case. The jury, as stated, are at last the sole and exclusive judges of what witness or witnesses they will believe or disbelieve, or what testimony they

will credit or discredit." If, as the plaintiff in error contends, the charge last quoted did not have the effect of a recharge on the subjects covered, and if the erroneous charge had the effect contended for by the plaintiff in error, it was not shown to be any more harmful to the plaintiff in error than to the defendant in error. There was no request to charge, nor request to correct the error by a recharge. The assignment of error is without merit.

2. It was not error to charge on positive and negative testimony. The plaintiff in error contends there was no negative testimony in the case. The driver of the truck, in answer to the question whether the driver of the automobile blew the horn, testified: "As to whether or not I heard her blow her horn. . . No, sir, no horn at all that I heard. Nothing but the scream." This is not positive testimony that no horn was blown. It is negative evidence to the effect that if a horn was blown he didn't hear it. The assignment of error is without merit.

3. Error is assigned on the following charge: "If you find that the plaintiff was a passenger and had no control over the car, then he would not be held responsible for the negligence of the driver of the car, if such driver was negligent, nor would the driver's negligence be attributable to such passenger, provided you find that the passenger himself exercised ordinary care, and this would be true, whether the driver's negligence, if any, consisted of the manner of operation of the car or that the operator of the car had ever procured a driver's license." The assignment of error is that it authorized the jury to find a verdict against the plaintiff in error even though the negligence of the driver of the automobile was the sole proximate cause of the injury. The assignment is without merit. The court elsewhere charged the jury that the plaintiff in error would not be liable if the automobile driver's negligence was the sole proximate cause of the injury. The charge excepted to does not conflict with this last principle of law. The defendant in error, as a passenger, would not in any event be responsible for the negligence of the driver of the automobile. If the automobile driver's negligence was the sole cause of the injury the carrier would be absolved of guilt of negligence and would not be liable for that reason; not for the reason that the automobile driver's negligence was under that circumstance attributable to the passenger.

4. Error is assigned on the following charge: "Of course, the plaintiff could not recover if the negligence of the driver of the car in which plaintiff was riding was the only cause of the injury. . . If, on the other hand, you decide that the driver of the truck was not negligent, and that the proximate and only cause of the accident was the negligence of the driver of the car in which defendant [plaintiff] was riding, I charge you that if that was the only cause of the accident, then in that case it would be your duty to find a verdict for the defendant." In another ground error is assigned on a failure to charge the jury that if the negligence of the husband of the driver was the sole proximate cause of the injury the plaintiff could not recover. There is no merit in the first assignment above, because the charge so far as it went was correct, and would not be error because it did not include another applicable principle of law. The second is without merit, because there was no evidence to authorize a finding that the negligence of the husband of the driver of the automobile was the sole proximate cause of the injury. Two witnesses testified that the driver of the automobile stated to them that she was an inexperienced driver and that while attempting to pass the truck she ran off of the pavement and lost control of the car, and that her husband seized the steering wheel and jerked the car back on the pavement. The driver of the automobile was only a witness, not a party, and whatever statements she made off the witness stand as to the cause of the injuries would only go to impeach her testimony, and not furnish evidence of probative value on the question of whose negligence caused the injuries. Outside of the matter of impeachment the statements were purely hearsay.

5. Error is assigned on the failure of the court to charge that the defendant in error was under a duty to exercise ordinary care for his own safety, and that he could not recover if his injuries were caused by his own negligence. The failure to give this charge was not error, because there was no evidence that the plaintiff in error did not exercise ordinary care, in that there was no evidence that he did not warn the driver, and did not do what ordinary care required to prevent the occurrence. This covers all the assignments of error argued or insisted upon. The court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Stephens, P. J., and Sutton, J., concur.*