LEO BARCELLO AND FELICIA BARCELLO, PLAINTIFFS-APPELLANTS, v. MAX BIEL AND MAX ZALL, PARTNERS TRADING AS B & Z EXPRESS CO., DEFENDANTS-RESPONDENTS, AND ROBERT ADRIAN, DEFENDANT.

Submitted May 28, 1948—Decided September 3, 1948.

For the plaintiffs-appellants, *David Cohn.*

For the defendants-respondents, *Charles C. Stalter* and *Samuel Doan.*

Per Curiam.

This is an appeal from a judgment in favor of the defendants entered upon a jury's verdict. The action was for the

recovery of damages for injury to person and to property resulting from the collision of two motor vehicles.

The grounds of appeal relate solely to rulings of the trial court with respect to the admissibility of evidence.

The truck owned by the defendants and involved in the accident was operated by their servant, Adrian. Adrian was made a party defendant, but in the course of the presentation of their case, plaintiffs discontinued as to him. Thereafter, the plaintiff Leo Barcello was asked on direct examination:

"*Q.* What was the conversation you had with the driver of this truck?"

Objection thereto was sustained.

Plaintiffs-appellants state in their brief that the question was intended to elicit testimony that after the accident Adrian said that the brakes were insufficient and defective and that he and his employers had known of their condition for some time. Such testimony had already been adduced by plaintiffs through another witness who testified before plaintiffs discontinued as to Adrian.

We think the controlling rule of law is well settled. Plaintiffs' description of the proposed proof demonstrates that the statement attributed to Adrian was merely narrative of a past event and not part of the *res gestæ*. Extra-judicial admissions made by an employee are, of course, competent evidence against him. They are not, however, admissible against the employer unless made by the employee in the execution of his duty to the employer. Adrian's employment as a truck driver did 'not encompass the duty or authority to make such statements for his employers. It is not enough that statements of the employee relate to the subject of his employment. To be admissible against the employer, it must appear that the employee made the statements in the performance of the duties of his employment. *Blackman* v. *West Jersey and Seashore Railroad Co.* (*Supreme Court,* 1902), 68 *N. J. L.* 1; *Thompson* v. *Giant Tiger Corp.* (*Court of Errors and Appeals,* 1937), 118 *Id.* 10; *Drotar* v. *Pennsylvania Railroad Co.* (*Supreme Court,* 1938), 120 *Id.* 199; *Decker* v. *Consolidated Feed, Coal and Lumber Co.* (*Court of Errors and Appeals,* 1948), 137 *Id.* 154. The case of

*Arenson* v. *Skouras Theatres Corp. (Court of Errors and Appeals,* 1944), 131 *Id.* 303, relied upon by the plaintiffs is consistent with this view. There, the statements of the usherette which were held to be admissible against the employer were made to the manager of the theatre in the course of the performance of a duty owed by the manager to the employer.

The remaining grounds of appeal do not require detailed discussion. In the main the questions ruled out by the trial court sought to introduce either cumulative proof or evidence which could not bind the defendants. If there was any error in these rulings, and we perceive none, we are satisfied that the error cannot be said to have injuriously affected the substantive rights of the plaintiffs. *R. S.* 2 :27–241, *N. J. S. A.*

The judgment is affirmed, with costs.

*For affirmance —* THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 15.

*For reversal—*None.