11 N.J. Super. 528 (1951)
78 A.2d 598
JESSIE BRANDT, PLAINTIFF-APPELLANT,
v.
THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided February 8, 1951.
*530 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Joseph Tomaselli argued the cause for the plaintiff-appellant (Mr. Edwin Segal, attorney; Mr. Joseph P. De Luca, of counsel).
Mr. William G. Bischoff argued the cause for the defendant-respondent (Messrs. Carroll, Taylor & Bischoff, attorneys).
The opinion of the court was delivered by ROGERS, J.A.D.
Plaintiff sought damages for injuries sustained in a fall allegedly the result of defendant's negligent maintenance of an automobile parking area adjacent to its store. At the close of the testimony the trial court held that the evidence presented no issues for the jury to determine and granted defendant's motion for judgment from which this appeal is taken.
In passing upon a motion for judgment, heretofore a motion for nonsuit or directed verdict, our courts have repeatedly *531 ruled that the evidence will not be weighed but "all the proofs which support the claim of the party against whom the motions are made must be accepted as true and he is entitled to the benefit of all legitimate inferences which may be drawn therefrom. Where fair-minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury." Andre v. Mertens, 88 N.J.L. 626 (E. & A. 1916); Scarano v. Lindale, 121 N.J.L. 549 (E. & A. 1939); Schwartz v. Rothman, 1 N.J. 206 (1948); Fischetto Paper Mill Supply, Inc., v. Quigley Co., Inc., 3 N.J. 149 (1949). The trial judge considered the proofs before him and concluded that plaintiff had failed to show any evidence of defendant's negligence. Plaintiff argues that this conclusion was erroneous, that the motion should have been denied and the case submitted to the jury.
We are convinced from our examination of the evidence that defendant's motion for judgment was properly granted. The proofs showed that plaintiff was injured by a fall in the public street adjoining the side of defendant's building and not in the parking area defendant maintained in the rear. The fact that some of defendant's customers may have used that street for parking while shopping, and even to its knowledge, did not impose any duty upon defendant to maintain that area of the street in reasonably safe condition, nor did it create with such persons the relationship of invitees. Maintenance of the street was a municipal responsibility. Lawful parking upon any public street while shopping in defendant's store was the right of any member of the public without any concomitant rights or duties flowing to or from such person and defendant. Whether plaintiff knew that the area where she fell was a public street, or whether she believed it to be defendant's parking lot, is immaterial so far as concerns any duty owed to her by defendant. The test is the fact, not plaintiff's knowledge or belief.
There is no merit in the argument that several pictures in evidence were considered by the court instead of being submitted to the jury in order to determine the nature and purport *532 of three signs defendant had painted upon the southerly wall of the store building bounding the north side of the public street. These signs read "free parking" with hands pointing to the rear of the building where defendant did maintain a parking lot. There were no conclusions to be drawn from these signs in this case about which fair-minded men might honestly differ. Their significance was clearly that such a parking area was in the rear, and no inference could be legitimately drawn that they indicated defendant's invitation to its customers to park below the signs in the public street alongside the building.
Whether defendant's employees carried packages from the store for customers with cars parked in the public street on the south side of the store was immaterial to any issue in the case and questioning thereon was properly overruled when submitted to show that defendant knew of and encouraged such parking. It is finally argued that the court's exclusion of a question seeking a statement by defendant's store manager to plaintiff's witness the day after the accident constituted substantial and reversible error. The ruling was correct because the identity of this person was not established, nor that he made the statement in the performance of his duties for defendant. Thompson v. Giant Tiger Corporation of Camden, New Jersey, 118 N.J.L. 10 (E. & A. 1937); Barcello v. Biel, 137 N.J.L. 606 (E. & A. 1948). Furthermore, any error the court may have made in excluding this question may not be reviewed on appeal inasmuch as plaintiff accepted it without objection at the trial. Menth v. Breeze Corporation, Inc., 4 N.J. 428 (1950).
The judgment is affirmed.