Theodore S. ROUSH, Respondent,

v.

ALKIRE TRUCK LINES, Inc., a
Corporation, Appellant.

No. 45344.

Supreme Court of Missouri,

Division No. 2.

March 11, 1957.

Paul C. Sprinkle, Sprinkle, Knowles & Carter, Kansas City, for appellant.

John M. Langsdale, Kansas City, Robert S. McKenzie, Stubbs, McKenzie, Williams & Merrick, Kansas City, for respondent.

STOCKARD, Commissioner.

Respondent sued for $250 property damage to his automobile and $25,000 for expenses and loss of services of his wife on account of injuries sustained by her as the result of an accident when plaintiff's car was hit by defendant's truck. The trial of this action resulted in a jury verdict for $25,000. It is appellant's contention, among other things, on this appeal from the ensuing judgment that the trial court committed reversible error in permitting plaintiff's wife to relate a conversation she had with the driver of defendant's truck.

We need not make a full statement of the facts. On November 26, 1947, plaintiff and his wife were riding in their automobile on Highway 71 near Kansas City. The traffic was rather heavy and was not moving at a fast rate. Plaintiff's version of the collision was that he was traveling in the "inside" lane of traffic, and that when he gradually slowed his car because the line of traffic slowed down, defendant's truck hit the back of his car by reason of the driver's negligence. Defendant's version was that its driver moved the truck into the "inside" traffic lane behind plaintiff's car preparatory to turning into a nearby weight station, and that plaintiff negligently stopped his car so suddenly with no signal, except from his automatic stop lights, that defendant's driver in the exercise of the highest degree of care had no opportunity to stop the truck before striking the back of plaintiff's car. Plaintiff's allegations as to negligence were that defendant's truck was operated at an excessive rate of speed, and that the driver of the truck failed to keep a lookout for other traffic and to keep the vehicle under control. Defendant pleaded contributory negligence on the part of

plaintiff in stopping his car suddenly without a signal. There was no damage to the truck as the result of the collision, and the damage to the back of plaintiff's car was not extensive.

The only visible and external injury sustained by plaintiff's wife as the result of the collision was an abrasion or bruise on her left leg about the size of a half dollar. However, plaintiff contended and offered evidence to show that other injuries to his wife resulted from the collision which subsequently necessitated two operations and resulted in a substantial period of disability. This was a sharply contested issue. In a different and previous action plaintiff's wife sued the defendant in this case for her personal injuries resulting from this accident and obtained a jury verdict for $750. Upon her appeal this court affirmed the judgment as not being so grossly inadequate to require reversal and a new trial. Roush v. Alkire Truck Lines, Inc., Mo.Sup., 245 S.W.2d 8.

Mrs. Roush was a witness for plaintiff. According to her, plaintiff got out of his car after the collision and defendant's driver got out of his truck and the two discussed the accident. She also got out of the car "after a few minutes." After plaintiff had finished talking to the truck driver, he walked down the highway a short distance to a weight station to get a member of the highway patrol, and the truck driver then came to her automobile and engaged her in conversation. Over the objection of defendant, the trial court permitted Mrs. Roush to relate that conversation as follows: "And he came to the car and he never one time asked if we were hurt or anything like that. He just said he was sorry it happened. He asked me not to report it because he had been driving so many years without an accident, and I think that month, if he had gotten through that month, he would have gotten a bonus for not having an accident. And he said— and he told us that the brakes had gone bad, he was on us before he realized, and that he

wished that we wouldn't report it." Defendant assigns the admission into evidence of this statement as error on the ground that it was hearsay and was prejudicial. Plaintiff contends the testimony was admissible as an admission by the truck driver against the interest of his employer, the defendant in this case, and also because the statement was a part of the res gestae.

■ The truck driver is not a party to this suit, and we necessarily note the difference between an admission of a party, or of one in privity to a party, and a declaration against interest. An admission is competent only when made by a party or by someone identified in legal interest with a party to the action, and is admissible although the declarant is available as a witness. On the other hand, a declaration is in the nature of secondary evidence and is admissible only when the declarant is not available as a witness. It is competent even though the declarant is not a party or in privity with a party to the action, but the statement of the declarant must have been adverse to an interest possessed by the declarant at the time the statement was made. McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548 [1–4]. See also Vol. III, Jones Commentaries on Evidence, 2d ed., § 1166; 31 C.J.S., Evidence, §§ 217 and 219; Sutter v. Easterly, 354 Mo. 282, 189 S.W.2d 284 [5, 6], 162 A.L.R. 437; Wills v. Berberich's Delivery Co., 339 Mo. 856, 98 S.W.2d 569 [2]. We need not determine if the statement attributed to the truck driver was adverse to an interest possessed by him at the time, because, in any event, there was no showing that the declarant was not available, and in fact he was available and subsequently testified. Therefore, the statement was not admissible as a declaration against interest.

■ Admittedly there is some confusion in the cases concerning the admissibility of statements of an agent as an admission of the master. This frequently results from the failure to differentiate between the declarations of an agent which are a part

of the res gestae, and those which are made in the course of his employment and while the matter in controversy was actually pending. Hearsay declarations of an agent, which are shown to be a part of the res gestae, are admitted because they come within the class of the excepted hearsay evidence, not because the declarant was an agent. The declarations of an agent made within the course of his employment and while the matter in controversy was pending are admitted, not because they were made as a part of the res gestae, but because they were made under the circumstances stated. A declaration of an agent may be admissible because of either or both reasons. Vol. VI, Wigmore, Evidence, 3rd ed. § 1756a. As a general rule it may be said that an admission of an agent or employee, not a part of the res gestae, "may be received in evidence against his principal, if relevant to the issues involved, where the agent, in making the admission, was acting within the scope of his authority, and the transaction or negotiation to which the admission relates was pending at the time when it was made. Conversely, a declaration of an agent, not within the scope of his authority nor in the course of the negotiation to which it refers, is not admissible against the principal, unless it was made under such circumstances that the silence or acquiescence of the principal makes the admission his own, * * * or was ratified by the principal." 31 C.J.S., Evidence, § 343. See also Vol. 9C Blashfield, Cyclopedia of Automobile Law and Practice, perm. ed., § 6162; Vol. IV, Wigmore, Evidence, 3rd ed., § 1078; Annotation, 95 Am.Dec. 73; State ex rel. S. S. Kresge Co. v. Shain, 340 Mo. 145, 101 S.W.2d 14 [4]; Shelton v. Wolf Cheese Co., 338 Mo. 1129, 93 S.W.2d 947 [5]; Yarbrough v. Wisconsin Lumber Co., Mo.App., 211 S.W. 713 [5]; Stipel v. Piggott, 219 Mo.App. 222, 269 S.W. 942 [3]; Davis v. Sedalia Yellow Cab Co., Mo. App., 280 S.W.2d 869 [1]. This rule is based upon the " 'wholesome law' which prohibits an agent from admitting 'away the rights of his principal' " when not acting within the scope of his authority.

Mattan v. Hoover Co., 350 Mo. 506, 166 S.W.2d 557, 567. The application of the above rule to the facts of a particular case results in a question of the substantive law of agency, although this distinction is usually not made in the cases. There is nothing in this case to show the authority of the truck driver to make the statements attributed to him, and the fact that he was admittedly driving the truck as the defendant's agent, together with the other circumstances revealed by the evidence, do not indicate that the scope of authority of the driver could include by any reasonable interpretation the making of admissions of negligence binding on his employer. In a case remarkably similar to this, except that the trial court there refused to permit the witness to relate the conversation, it was stated that declarations attributed to a driver after the accident that the brakes of his vehicle were insufficient and that he and his employer had known of their condition for some time were not admissible against the employer because the driver's "employment as a truck driver did not encompass the duty or authority to make such statements for his employers." Barcello v. Biel, 137 N.J.L. 606, 61 A.2d 42, 43. See also Redmon v. Metropolitan St. R. Co., 185 Mo. 1, 84 S.W. 26 [5], 105 Am.St.Rep. 558; Chawkley v. Wabash R. Co., 317 Mo. 782, 297 S.W. 20 [10]; Murray v. De Luxe Motor Stages of Illinois, Mo.App., 133 S.W.2d 1074 [9–11]; Jones v. Gay's Express, Inc., 110 Vt. 531, 9 A.2d 121 [3]; Great American Indemnity Co. v. Oxford, 70 Ga.App. 208, 27 S.E.2d 880 [6]; Southeastern Greyhound Lines v. Donohue, 298 Ky. 139, 182 S.W.2d 328 [2]; Annotation, 95 Am.Dec. 73; and the cases cited under footnote 4, Vol. IV, Wigmore, Evidence, 3rd ed., § 1078, and particularly those cases cited in the pocket supplement thereto.

Most of the cases cited by respondent in his brief pertain to the contention that the conversation was admissible as a part of the res gestae. Whether a statement is admissible for this reason depends

upon the particular circumstances, and whether the statement is admissible under those circumstances is a matter generally within the trial court's discretion which will not be disturbed unless that discretion is abused. Moore v. St. Louis Public Service Co., Mo.Sup., 251 S.W.2d 38 [1, 2]; Cummings v. Illinois Central Railroad Co., 364 Mo. 868, 269 S.W.2d 111 [9–11], 47 A.L.R.2d 513. There are at least two different kinds of statements which are received in evidence under the designation of res gestae. One kind can properly be classified as verbal acts, which actually are a part of the transaction under investigation. Vol. VI, Wigmore, Evidence, 3rd ed., §§ 1766–1786. They must be contemporaneous with the transaction to be a part of it, but not every statement contemporaneous with a transaction is necessarily a part of it. These statements are admissible because they are a part of some otherwise relevant act. Sconce v. Jones, 343 Mo. 362, 121 S.W. 2d 777, 781. The testimony of Mrs. Roush as to the statements of the truck driver do not come within the above classification. Therefore, if properly admitted they must come under that exception to the hearsay rule known as res gestae, which under certain circumstances, permit testimony as to statements, made by a person involved in or present at an accident, declaring the circumstances of an injury at or after its occurrence. Vol. VI, Wigmore, Evidence, 3rd ed., §§ 1745–1757; Annotation, 163 A.L.R. 15. "The essential test of this class of statements is spontaneity", and in determining whether the statement is admissible under this rule "the true test is neither the time nor the place of the statement but whether [under the circumstances] it is a spontaneous statement produced by the event itself." Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 778, 781–781; Vol. 9C, Blashfield, Cyclopedia of Automobile Law and Practice, perm. ed., § 6251; Vol. VI, Wigmore, Evidence, 3rd ed., § 1750. The burden of making a sufficient showing of spontaneity to make the statement admissible was on plaintiff. Woods v. Southern Ry. Co., Mo.Sup., 73 S.W.2d 374;

Sconce v. Jones, supra. At the time the statement was alleged to have been made the accident had occurred, the parties had gotten out of the vehicles and had discussed, apparently with calm deliberation, the occurrence for a few minutes, and plaintiff had left the scene of the accident to obtain a highway patrolman. From all indications, at the time of its occurrence this accident was considered to be a relatively minor rear end collision with no extensive property damage and no apparent physical injuries other than a minor abrasion or bruise. We cannot find any evidence which tends to show that at the time the statement was purportedly made the declarant was under such influence of shock or pain or the excitement of the occasion to be unable or unlikely to reflect or reason so that when made the statement would be the spontaneous utterance of thoughts created by or springing out of the event itself, or as it has rather tritely been said, that the statement was the event speaking through the person instead of the person speaking about the event. When all the circumstances are taken into consideration, the statement, as related by plaintiff's wife, shows that it was largely a narrative and recital of past events. We must necessarily find that it was not within the reasonable exercise of discretion for the court to admit this hearsay statement as part of the res gestae.

For the reasons stated, under the circumstances of this case it was error for the trial court to permit plaintiff's wife to relate the conversation she had with defendant's truck driver. This leaves for determination the question of whether the error was prejudicial and therefore reversible. The judgment may not be reversed unless the error materially affected the merits of the action. Section 512.160 subd. 2 RSMo 1949, V.A.M.S.

Defendant disclaimed any liability for this accident and claimed that plaintiff was contributorily negligent. It pleaded this defense and offered evidence thereon. The

trial court recognized that contributory negligence was an issue in the case and so instructed the jury. In instruction 7, after the necessary facts were hypothesized, the jury was told that if it found that the plaintiff had stopped his automobile so suddenly that the operator of defendant's truck, by the exercise of the highest degree of care, could not have stopped his truck before striking plaintiff's car, and if it further found that it was negligence for the plaintiff to stop his car so suddenly and that this negligence directly contributed to cause the injuries to plaintiff's wife, then the verdict should be in favor of defendant. If the accident happened as contended by defendant and as hypothesized in this instruction, the jury would have been justified in finding that defendant was not liable for the injuries to plaintiff's wife. It may be, and we are in no position to say otherwise, that but for the testimony of plaintiff's wife concerning the erroneously admitted statements of the driver that the "brakes had gone bad" and that he "was on us before he realized" the jury would have found the facts to have been as hypothesized in the instruction submitting the issue of contributory negligence. Under these circumstances, we conclude that the trial court's erroneous admission of the hearsay statements may have materially affected the merits of the action and therefore was prejudicial.

Defendant urges that prejudicial error resulted by reason of the conduct of one juror, and also urges that the verdict is grossly excessive. Because the case must be reversed and remanded these contentions need not be ruled. Defendant also contends that two of the instructions given at plaintiff's request were erroneous. We need not rule these contentions. By reason of the attacks made, plaintiff may, in the event of another trial, choose to redraft his instructions.

The judgment is reversed and the case is remanded.

BOHLING, C., concurs.

BARRETT, C., concurs in the result.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.