Earl KAGAN (Plaintiff), Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation (Defendant), Appellant.

No. 30396.

St. Louis Court of Appeals.

Missouri.

April 19, 1960.

Robert E. Wieland, St. Louis, for appellant.

Louis Gilden, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries. The plaintiff claimed to have been injured when his automobile was struck in the rear by a street car owned and operated by the defendant corporation. There was a verdict and judgment for the plaintiff in the sum of $3,500. The defendant has appealed.

Plaintiff Kagan was a drug salesman. He had been so employed by a drug company up to the last of June, 1958, when he severed his connections with this company, and was to start to work for another drug company on August 24, 1958. The reason for the lapse of time between the severance of his employment with one company and his start with the other was that he was going on a two weeks' tour of active duty with the National Guard in August.

On August 5, which was the day before he was to leave for the encampment, he was driving his automobile eastwardly on Olive Street in the City of St. Louis. When he reached the intersection of Olive Street and Compton Avenue, he was obliged to stop for a red traffic light. He had been stopped for about fifteen to twenty seconds when his automobile was struck in the rear by a street car. The force of the impact sent his car forward 25 to 30 feet.

After the collision he talked briefly to a man who had witnessed the collision, and was in the process of writing down the number of the street car when the operator of the car came over to him. This was about four or five minutes after the collision. Over the objection of the defendant the plaintiff was permitted to testify that the operator of the car said, "that he was very sorry, but that his brakes just hadn't held."

The witness who saw the collision testified that he saw the motorman standing up trying to stop the car, and the operator in the defendant's case stated that the wheels locked and that the brakes slid upon the rails.

As a result of the collision plaintiff was thrown forward. He said that he struck his head on the steering wheel. He claimed, and presented medical testimony to the effect, that he suffered a "whiplash" injury to the neck area of the spine. He also claimed difficulty in bending over. He said that he had an occasional eye twitch that bothered him, and a duodenal ulcer which was attributed to the accident by a medical witness. There was evidence on behalf of the defendant by an examining physician. He stated that he found no objective symptoms to account for the plaintiff's complaints.

■ The first point raised is that the court erred in permitting the plaintiff to testify about the statement made by the operator of the street car, after the collision. It is true that the admission of an agent or employee, unless within the scope of his authority, may not be received as evidence against the employer. Such statements are barred from consideration because of the hearsay rule. Roush v. Alkire Truck Lines, Mo.Sup., 299 S.W.2d 518. An exception to this is found where the admissions are part of the res gestae.

■ In considering whether or not a statement is admissible under such circumstances, there is a presumption that it is not because it is hearsay. This casts upon the party offering the statement the burden of proving that it comes within the exception to the hearsay rule in that it is part of the res gestae. Woods v. Southern Railway Co., Mo.Sup., 73 S.W.2d 374. There must be a showing that the statement offered was an instinctive and spontaneous utterance so closely associated with the occurrence as to have been evoked by it. We need not elaborate further upon the matter, for the entire subject of the admissibility of a statement such as the one before us, with facts almost identical to those being here considered, was passed upon by the Supreme Court in Wren v. St. Louis Public Service Co., 333 S.W.2d 92. The court there held that the statement was not admissible, and the opinion contains a very lucid and comprehensive discussion of the subject.

Although the court erred in admitting the statement, we do not see how it could be held prejudicial since the operator later testified that his wheels locked and the brakes slid upon the rails.

■ The second point raised is that Instruction No. 8 given at the request of the plaintiff is erroneous. It is asserted that the instruction, which is on the measure of damages, permitted the jury to consider the loss of future earnings, and that there was no evidence to support this. The next contention is that the instruction allows an overlapping award of damages. The instruction is as follows:

"The Court instructs the jury that if under the evidence and other instructions given you in this case, you find in favor of the plaintiff, Earl Kagan, then in awarding him damages, you should allow him such an amount of money as you may find and believe from the evidence will reasonably compensate him, and in arriving at such damages, you may consider:

"1. The injuries, if any, that you find and believe from the evidence that the plaintiff sustained on the occasion in question as a direct result of the street-car striking the plaintiff's automobile, if you so find.

"2. The pain of body and anguish of mind, if any, which the plaintiff has suffered by reason of such injuries, if any, and directly caused thereby.

"3. The pain of body, if any, and the anguish of mind, if any, which you

find and believe from the evidence the plaintiff is reasonably certain to suffer in the future by reason of and on account of such injuries, if any, and directly caused thereby.

"4. The extent to which, if any, plaintiff's earning power and ability to work will be impaired as a direct result of such injuries, if any.

"5. Any distinct permanent injury which you find and believe from the evidence that the plaintiff has suffered."

The appellant directs our attention to paragraph 4 of the above instruction and states there was no evidence from which the jury could determine the extent to which plaintiff's earning power had been impaired, for there was no evidence of the amount that the plaintiff earned before or after the accident. The respondent conversely maintains that there was substantial evidence in support of the instruction. He states that there was evidence that his occupation as a drug salesman prior to the accident required him to travel from 2,500 to 3,500 miles a month by automobile. He states that there was evidence that thereafter he could not drive to the far points of his territory. He also directs our attention to the eye twitch and some trouble in bending over, of which there was evidence. The respondent cites us to Donahoo v. Illinois Terminal Railroad Company, Mo. Sup., 300 S.W.2d 461; Rauch v. McDonnell Aircraft Corporation, Mo.App., 303 S.W.2d 226; and Hill v. Landau, Mo.App., 125 S.W.2d 516.

■ The case of Donahoo v. Illinois Terminal deals only with an impairment of the plaintiff's ability to work; Rauch v. McDonnell Aircraft Corporation did not deal with an instruction submitting any issue of impaired earning capacity; and Hill v. Landau specifically states that the instruction complained of did not submit a loss of future earnings. These cases therefore do not support the respondent. The law as pronounced by the Supreme

Court and this Court is that in order to recover for the loss of earning capacity, there must be evidence, not only of an impaired ability to work, but also evidence of a pecuniary loss occasioned by it. Without some evidence of what the plaintiff earned and the extent to which this amount would be reduced in the future, there is no way that a jury could arrive at an estimate of any future loss of earnings. Seymour v. House, Mo.Sup., 305 S.W.2d 1; Honeycutt v. Wabash Railroad Company, Mo.App., 313 S.W.2d 214. Since there was no evidence of the amount that the plaintiff earned at any time or might in the future earn, the instruction should not have been given, and the court erred in so doing.

■ As stated, it is also contended that the instruction permitted the jury to award overlapping damages. It does not appear to be susceptible to this construction in that it merely directs the plaintiff to take into consideration the various matters listed in arriving at the amount of their verdict. A comprehensive review of the law relating to such instructions is contained in Kelly v. Kansas City Public Service Co., Mo., 335 S.W.2d 159.

As to another point raised, counsel for the plaintiff had said in his opening statement that the plaintiff had two children, and upon objection the court admonished the jury to disregard the statement. Despite this, counsel elicited from the plaintiff when the plaintiff was testifying a statement that he had two children. Again the court sustained an objection and directed the jury to disregard the evidence. Counsel for the defendant requested a mistrial, and the request was denied. It is asserted that a denial of a mistrial was erroneous. Inasmuch as we are reversing and remanding the case upon the instruction given, and the matter is not likely to occur upon retrial, we need not pass upon this.

Nor will we consider the question of whether or not the verdict is excessive,

which is another point raised. Since the case must be retried and a new verdict reached, a determination of this point would serve no useful purpose.

Because of the errors noted, the judgment is reversed and the cause remanded.

ANDERSON and RUDDY, JJ., concurring.