McKENZIE TRANSPORT LEASING COMPANY, Inc., a Corporation, Plaintiff-Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant.

No. 30723.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Rehearing Denied Oct. 17, 1961.

Donald L. Schmidt, St. Louis, for defendant-appellant.

W. Munro Roberts, Jr., James J. Sauter and Heneghan, Roberts & Cole, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff sued for damages of $2,550 to its tractor, sustained in a collision with a tractor-trailer operated by Staley Cartage Company, which collision, it was claimed, was occasioned by the negligence of the operator of one of defendant's motorbuses. The jury returned a verdict in favor of plaintiff in the amount prayed for, and defendant appealed from the ensuing judgment.

The accident occurred shortly before noon on June 5, 1958, on the Kingshighway viaduct, in the City of St. Louis. Plaintiff's tractor and trailer, operated by plaintiff's driver, Louis A. Nuspl, was being used to transport gasoline for the J. D. Street Company, to which the equipment had been leased. Plaintiff's version of the occurrence was that as its tractor proceeded northwardly over the Kingshighway viaduct, in the center lane for northbound traffic, the bus owned by defendant suddenly swerved from the northbound curb lane, across the middle lane, and partially into the center lane, requiring Nuspl to swerve the tractor across the center line of the street and into the pathway of the southbound tractor-trailer owned by Staley Cartage Company. Defendant's version was that the operator of its bus was forced to try to move it from the curb lane to its left to get around a vehicle which was parked in the curb lane; that the operator cut the wheels sharply and drove it at an angle until the left front corner of the bus was one foot into the middle lane, where he brought it to a stop; that as an auto passed the bus its speed was slowed; and that plaintiff's driver, closely following the auto, cut the tractor sharply to the left to avoid striking the auto, and thereby ran into the southbound tractor-trailer.

Among other points relied on by defendant on this appeal is that the trial court

committed reversible error in permitting plaintiff's driver, Nuspl, to relate what certain unidentified persons stated at the scene of the collision. The disputed testimony was admitted during Nuspl's direct examination by Mr. Roberts, counsel for plaintiff:

"Q. Now, after the impact occurred, what did you do? A. Well, I was laying—sitting in between the two seats—the International 1953 has two double seats and I ended up between them. I couldn't get out my side—it was too mangled. I got out the other and grabbed the extinguisher right away, and at that time I happened to notice the bus go ahead. At the same time the Staley driver was coming out or was feeling himself, which I was. As I remember there was a couple of witnesses at that time who said they seen the whole thing and it was the bus's fault.

"Mr. Schmidt: I will object to anything that the witnesses said at the scene, it being hearsay, and ask that the jury be instructed that that part be stricken.

"The Court: This was immediately after the impact? A. Immediately after the impact.

"The Court: Overruled. It is part of the Res Gestae.

"Q. Part of the Res Gestae, your Honor. Now, Mr. Nuspl, did you observe the car traveling behind you just before the accident? A. No, I did not.

"Q. After the accident did anybody come up from behind you? A. Well, where they came from I don't know, but someone had come up to both of us drivers and said, 'We seen the whole thing.' Of course, we had to make our phone calls and when we got back they were gone."

Defendant assigns the admission into evidence of the testimony as to what the unidentified persons said as error, on the ground that it was hearsay and prejudicial. Plaintiff contends the statement was admissible as a part of the res gestae but that if it was not, its admission was not prejudicial error.

The testimony volunteered by Nuspl concerning what the unidentified witnesses had stated was obviously hearsay, and defendant's motion to strike should have been sustained unless it can be said, as the trial court ruled, that their statements were a part of the res gestae. "* * * The principal reason for excluding testimony as to statements made by others out of court is that the test of cross examination, of the person making them at the time they are made, is unavailable as a safeguard against falsification or inaccuracy. This is the basis of the Hearsay Rule. * * *" Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 781. One of the recognized exceptions to the hearsay rule is that the utterance made out of court was a part of the res gestae; that is, acts or words so closely connected with the principal event as to constitute a part of the transaction. 20 Amer.Jur. Sec. 662. The reason that such statements are considered to have special trustworthiness is thus given by Wigmore:

"This general principle is based on the experience that, under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of untrustworthiness),

and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him; and may therefore be received as testimony to those facts." VI Wigmore, Evidence, 3rd Ed., Sec. 1747.

In considering whether a particular statement is admissible as a part of the res gestae the utterance should be regarded as presumably inadmissible, because of the rule against hearsay. 163 A.L.R. 15, 92; Wren v. St. Louis Public Service Co., Mo., 333 S.W.2d 92; Kagan v. St. Louis Public Service Co., Mo.App., 334 S.W.2d 379. And the burden rests upon the party offering the statement to show facts which warrant its admission as a part of the res gestae. Woods v. Southern Ry. Co., Mo., 73 S.W.2d 374; Wren v. St. Louis Public Service Co., supra. In the instant case the only fact developed to justify the admission of the statements of the unidentified witnesses was that the utterances were made " * * * immediately after the impact" but what that indefinite term might mean, without further elucidation, would of necessity depend upon the interpretation of each individual. For a somewhat similar indefinite expression of elapsed time see Moore v. St. Louis Public Service Co., Mo., 251 S.W.2d 38. Counsel and the court apparently were of the opinion that the fact that the statements were made by the unidentified witnesses within a relatively short period of time following the collision was, in and of itself, sufficient to warrant their admission in evidence. As was stated of a similar situation in Wren v. St. Louis Public Service Co., supra, (333 S.W.2d loc. cit. 95):

" * * * That is clearly an erroneous view. The fact that an utterance is made a very short time after the event will, in and of itself, have little weight in producing an affirmative conclusion that it is admissible. 'The lapse of time involved is material mainly as evidence of lack of spontaneity.' Monical v. Armour & Company, Mo., 307 S.W.2d 389, 392."

As was first said in Sconce v. Jones, supra, and has since been repeatedly quoted with approval (121 S.W.2d loc. cit. at page 782):

" * * * Certainly the true test is neither the time nor the place of a statement but whether it is a spontaneous statement produced by the event itself."

In this case, as in the Wren case, the fatal deficiency of plaintiff's effort to carry his burden of showing a basis for the admission of the statements was " * * * the complete absence of any proof tending to show the essential element of spontaneity." (333 S.W.2d loc. cit. page 95), and his failure to satisfy what has been termed the "shock test." Gough v. General Box Co., Mo., 302 S.W.2d 884. And see Sconce v. Jones, supra; Rosser v. Standard Milling Company, Mo., 312 S.W.2d 106; Roush v. Alkire Truck Lines, Inc., Mo., 299 S.W.2d 518.

Furthermore, the statements of the witnesses that "it was the bus's fault" were not statements of fact, but the opinions or conclusions of the witnesses reached by reasoning from other facts, and therefore not of that character of utterances made admissible by the res gestae exception to the hearsay rule. In Sconce v. Jones, supra, 121 S.W.2d loc. cit. 781, it was said:

"Some of the principal limitations upon the application of this exception to the Hearsay rule are that a statement, to be admissible, must neither be mere reflective narration of past events (22 C.J. 467, § 556; 10 R.C.L. 979, § 161; 3 Jones on Evidence, §§ 1198–1200; Woods v. Southern R. Co., Mo. Sup., 73 S.W.2d 374; Leahey v. Cass Ave. & F. G. R. Co., 97 Mo. 165, 10 S.W. 58, 10 Am.St.Rep. 300); nor an opinion, nor conclusion of fact reached by reasoning from other facts. 22 C.J. 469, § 558; 3 Jones on Evidence 2215, § 1206; Atkinson v. American School of Osteopathy, 240 Mo. 338, 144 S.W. 816; Norman & Sons v. Clark, Tex. Civ.App., 221 S.W. 235; 42 L.R.A.,

N.S., 938, note; Bennette v. Hader, supra [337 Mo. 977, 87 S.W.2d 413, 101 A.L.R. 1190]. * * *"

And in Moore v. St. Louis Public Service Co., supra, the court said of the statement "a lady said the driver should be reported because he just ignored Mrs. Moore lying on the floor." 251 S.W.2d loc. cit. 40. " * * * But a more compelling reason why the exclusion was proper is that the utterance, on its face, discloses it is not a statement of fact which the person making it had full opportunity to observe, and so it is not a declaration of the circumstances of the injury within the requirements of the exception to the hearsay rule. On the contrary, it is plainly and obviously a conclusion of fact reached by reasoning from other facts. It was nothing more or less than a bystander's appraisal or estimate of culpability which, in her opinion, attached to the bus driver's conduct. It was, therefore, not that spontaneous and unreflected character of statement which is admissible under the doctrine invoked. See Sconce v. Jones, 343 Mo. 362, 370, 121 S.W.2d 777, 781, and authorities there cited."

■ While it is undoubtedly true, as plaintiff contends, that the admissibility of statements under the res gestae rule is a matter generally within the trial court's discretion, the very authorities cited by it, Roush v. Alkire Truck Lines, Inc., supra, and Moore v. St. Louis Public Service Co., supra, likewise hold that the court's exercise of that discretion is subject to judicial review when abused. For the reasons stated we have no alternative but to hold that it was not within the reasonable exercise of discretion for the court to admit the hearsay statements as part of the res gestae.

This leaves for determination plaintiff's alternative argument that the admission of the statements, if error, was not prejudicial. Section 512.160, subd. 2, RSMo 1959, V.A. M.S. Plaintiff cites Roush v. Alkire Truck Lines, Inc., and Kagan v. St. Louis Public

Service Co., in support of its contention. In the first of those cases plaintiff's wife was permitted to testify that defendant's truck driver had admitted that his brakes had gone bad, and that he was on plaintiff's car before he realized it. The driver appeared as a witness for defendant, and testified that the collision had resulted because plaintiff suddenly stopped his automobile, without warning. Thus the defendant had the benefit of the alleged declarant's testimony to rebut the effect of the claimed statements. Nevertheless, the court thereupon pointed out that the manner in which the collision occurred was sharply in dispute, and held that the admission in evidence of the statements was prejudicial error. In Kagan v. St. Louis Public Service Co., supra, this court held that a statement by the operator of defendant's street car that the brakes hadn't held should not have been admitted as part of the res gestae, but that such admission was not prejudicial because the operator later testified that his wheels locked and the brakes slid upon the rails.

■ In the instant case the statements were claimed to have been made by unidentified witnesses who did not appear at the trial, thus affording defendant no opportunity to cross-examine them. In fact, defendant was in no position to question whether the statements had in fact been made, for the operator of its bus had continued driving on after the collision occurred. Here defendant's operator stoutly denied that he had swerved the bus into the path of plaintiff's tractor, and the question as to the cause of the collision, as in the Roush case, was thus sharply in dispute. The disputed statements attributed to the unidentified witnesses touched upon the vital issue of culpability, the very fact which it was the function of the jury to determine. Under these circumstances we must conclude that the erroneous admission of the hearsay statements may have materially affected the merits of the action and were therefore prejudicial. Roush v. Alkire Truck Lines, Inc., supra; Sconce v. Jones, supra; Gough v. General Box Co., supra. .

Defendant also contends that two of plaintiff's instructions were erroneous, and that there was no substantial evidence to support plaintiff's measure of damage instruction. However, since the case must be re-tried, plaintiff will have an opportunity, if it deems it advisable, to redraft its instructions and to supply the evidentiary deficiency of which defendant complains.

For the reasons stated the Commissioner recommends that the judgment be reversed and the cause be remanded for a new trial.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and cause remanded for a new trial.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.