Ruth LANHAM (Plaintiff) Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation (Defendant) Appellant.

No. 30706.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

William M. Corrigan, St. Louis, for appellant.

Samuel A. Goldblatt, William L. Mason, Jr., St. Louis, for respondent.

J. MORGAN DONELSON, Special Commissioner.

Ruth Lanham brought this suit for personal injuries against the St. Louis Public Service Company, a corporation, and the City of St. Louis. The cause was tried to a jury which returned a verdict for plaintiff and against defendant St. Louis Public Service Company in the amount of $3,000.-00, and in favor of the defendant, City of St. Louis. Judgment was rendered in accordance with the verdict returned by the jury. The St. Louis Public Service Company filed its after trial motion which was overruled by the trial court, and it has perfected this appeal. The plaintiff did not appeal from the judgment rendered on the verdict in favor of the City of St. Louis. The parties will be referred to herein as plaintiff and defendant Service Company.

Defendant complains, first, that the trial court erred in failing and refusing to direct a verdict for it; second, that the trial court erred in giving Instruction No. 1; third, that the trial court erred in giving Instruction No. 17; and fourth, that the verdict was excessive.

■ In determining the issue of whether a submissible case was made for the jury and the trial court erred in not sustaining defendant Service Company's motion for a directed verdict at the close of all the evidence, plaintiff is entitled to have all the evidence given in her case viewed in the light most favorable to her, and defendant's evidence will be disregarded except insofar as it may aid plaintiff's case. Plaintiff is to be given the benefit of any and all reasonable inferences to be drawn from the evidence which is not in conflict with her theory of the case. Missouri Digest, Appeal & Error, ☞927(7), 989; Taylor v. Hitt, Mo.App., 342 S.W.2d 489. The recitation and review of the evidence is therefore limited to that which bears upon this issue and the other issues necessary for a decision in this case.

Plaintiff, age 53, on September 1, 1959, at 3:30 P.M. boarded a westbound Lindenwood bus, which she rides almost every day, on her way home from work at Apparel Contractors in the City of St. Louis, Missouri. She is employed as a machine op-

erator and inspector. As the westbound bus approached Sublette Avenue on Southwest Avenue, she rang the buzzer and the bus stopped at the northwest corner of Sublette Avenue in the bus zone which is surfaced with asphalt. The asphalt area was about 30 feet long and a fireplug was located about 20 feet from the eastern end of the asphalt. Plaintiff was getting off the bus at the rear door which opened with the fireplug directly in front of the door. She had to step to one side or the other in order to get out of the door. Plaintiff made one step out the door, down on the ground, and her left foot hit "that" hole and she fell. The hole was described as about 10 inches long, 10 inches wide, and 3 inches deep and located to the east side, or right, of the fireplug. Plaintiff stated that she was watching where she was stepping as she got off the bus, that she would not have stepped in the hole had she seen it, that she did see the grass that had grown up, dried and had fallen into the hole, which hid the hole, that when she stepped into the hole the grass was mashed down, and that she had alighted in the bus zone for years but never noticed the hole before.

Mrs. James Hill, plaintiff's daughter, testified that she was familiar with the bus stop in question. She described the location of the fireplug. She stated there was a hole approximately 10 inches long, 10 inches wide, and 3 inches deep near the curb and near the left of the fireplug in May, 1959. She had fallen in it while alighting from a bus. She said she did not see the hole as she alighted from the bus in May, 1959, because the hole was covered with grass and difficult to see. Plaintiff was not told of these facts by her daughter.

Plaintiff testified that when she got up from the ground her left ankle, instep and thigh pained her; that she was x-rayed and fitted with a walking cast on her left leg from her knee to her foot, which she wore for four weeks. X-rays revealed two small evulsion fractures of the talus bone of the left ankle according to her doctor and that it was his opinion that there would very

likely be some permanent residual injuries. Plaintiff still complains of soreness and swelling of the ankle and foot.

At the time of this occurrence plaintiff was earning $1.00 per hour and at the time of trial was earning $1.20 per hour. She also testified she lost six weeks from work immediately after the occurrence because of her injuries. She received a bill for $10.00 from Christian Hospital. She pays all doctor bills from her own salary. Defendant Service Company presented evidence that this was a "no report" occurrence and that it was unaware of the alleged occurrence or accident at the time. It knew nothing about any hole at this particular bus zone.

■ "In view of the facts outlined, our immediate obligation is to ascertain the duty, if any, the defendant, as a carrier of passengers, owed to the plaintiff at the time of the accident. It is an elementary principle of the law of torts that there can be no actionable negligence in the absence of the existence of some duty on the defendant's part owing to the plaintiff, which duty has been neglected or violated by the defendant, with the injury suffered by the plaintiff directly attributable thereto and flowing therefrom. Vairo v. Vairo, Mo. App., 99 S.W.2d 113. This duty, or lack of duty, cannot be ascertained until we have determined the legal relationship existing between the parties at the time of plaintiff's injury." Meyer v. St. Louis Public Service Co., 241 Mo.App. 1057, 253 S.W.2d 525, l. c. 528.

■■ Plaintiff in this case in her petition and by her Instruction No. 1 submitted that plaintiff was a passenger on defendant's bus and that defendant Service Company owed the duty to plaintiff to exercise the highest degree of care until she had safely alighted from the defendant Service Company bus at a reasonably safe place. It has long been established that if the relationship of passenger and carrier exists at the time of injury the law imposes on the carrier the duty to exercise the highest de-

gree of care. This duty continues until the passenger has been discharged from the bus at a reasonably safe place. After the passenger has safely alighted from the bus and is upon the street or sidewalk, she is no longer a passenger and the carrier is no longer responsible. Gott v. Kansas City Rys. Co., Mo., 222 S.W. 927; Lacks v. Wells, 329 Mo. 327, 44 S.W.2d 154.

■■ Under the evidence outlined and the plaintiff's theory of the case, we find that a submissible case was made for the jury and the trial court did not err in overruling defendant Service Company's motion for a directed verdict at the close of all of the evidence. When defendant proceeded to present its case after plaintiff closed her case, defendant waived its motion for a directed verdict at that time. Oglesby v. Missouri Pacific Ry. Co., 177 Mo. 272, 76 S.W. 623.

■ Defendant Service Company's Point III raised in the brief claims error in the giving and reading by the trial court the measure of damage instruction, No. 17, particularly paragraphs four (4) and seven (7) thereof, as not being supported by the evidence. Instruction No. 17 reads in part as follows:

"And in arriving at the amount, if any, of your verdict, you may take into consideration and account:

\* \* \* \* \* \*

"4. Such sum, if any, as you may find and believe from the evidence plaintiff has expended, or incurred liability to expend, for hospitalization as the direct result of her bodily injuries, if any;

\* \* \* \* \* \*

"7. Such loss of earnings, if any, as you may find and believe from the evidence she will with reasonable certainty in the future sustain as the direct result of her bodily injuries, if any."

With this contention we must agree. In fact, plaintiff in her brief agrees that para-graph seven (7) thereof is not supported by the evidence and a new trial should be granted. We will not therefore discuss this point further. The only evidence to support paragraph four (4) is that plaintiff received a bill for $10.00 from Christian Hospital. Plaintiff's doctor testified that her injury was not serious enough to require hospitalization, and no other evidence of hospitalization, at time of injury or in the future, appears in the record. We therefore hold it was prejudicially erroneous to submit paragraph No. four (4) on damages for hospitalization as not being supported by substantial evidence. Murphy v. S. S. Kresge Co., Mo.App., 205 S.W.2d 252; Kagan v. St. Louis Public Service Company, Mo. App., 334 S.W.2d 379, 1. c. 381, 382; Fairley v. St. Louis Public Service Co., Mo.App., 352 S.W.2d 393.

■ Defendant Service Company in its briefed Point II charges error in the giving of Instruction No. 1, which was plaintiff's main verdict directing instruction. After a careful consideration of this instruction we find that it did not assume the controverted fact that a hole or depression existed, as contended by defendant, but the instruction clearly required the jury to find that it existed. Next defendant claims there was no evidence to support the submission by said instruction requiring the jury to find that defendant Service Company " \* \* \* through its employees, knew or by the exercise of the highest degree of care could have known of the existence, nature, and location of the said unsafe condition before the said rear door of that bus opened; that said defendant failed to exercise the highest degree of care for the safety of Ruth Lanham in so stopping said bus in such position and in so opening said door at said time and place; that it was thereby negligent; \* \* \*." The testimony of plaintiff's daughter, Mrs. Hill, was that a hole of the size and character described by plaintiff existed at the same bus zone and near the fireplug in May, 1959. It is true that Mrs. Hill placed the hole on the left side of the fireplug and plaintiff on the right

side thereof. The fact that grass was growing in and around the hole and almost hid a hole in May and apparently did so in September would indicate that the hole had existed for quite some time. There was, we find, substantial evidence from which the jury could find for plaintiff on this issue.

Defendant next complains that the instruction as written was a submission which relieved it of liability *after* plaintiff had safely alighted from the bus. The portion of Instruction No. 1 on this issue is as follows: "that while it remained stopped, Ruth Lanham got off of the bus, stepped north, stepped into the said hole or depression, and fell * * *." Plaintiff's petition charges that plaintiff was injured "while plaintiff was alighting from the same (bus) * * *." The degree of care submitted as shown above in this instruction and her petition for damages all indicate that plaintiff's theory of the case was based on the passenger-carrier relationship. After a careful examination of the evidence we do find, however, that said submission is not supported by the evidence and is confusing when considered with the court's other instructions. The evidence given by plaintiff was as follows:

"Q. Now Mrs. Lanham, tell us then what happened as you were getting off the bus?

"A. Well, I made the one step out the door, down on the ground, my foot hit that hole and I fell, I fell to my knees.

\* \* \* \* \* \*

"Q. Now Mrs. Lanham, then as you stepped off the bus, was that your first step off the bus? A. It was."

Clearly from this evidence the plaintiff when alighting from the bus stepped directly into the hole or depression. Other court instructions referred to this occurrence as "she alighted from such bus * * *," or "she was alighting from the bus * * *." The language used in this instruction is confusing and misleading to the jury and not supported by the evidence, and is therefore erroneous. Hart v. Midkiff, Mo., 321 S.W.2d 500; Quigley v. St. Louis Public Service Co., Mo., 201 S.W.2d 169.

Other points raised and briefed may and can be considered in the light of the evidence and remedied where necessary on retrial of the cause. For the errors noted the judgment is reversed and the cause remanded for a new trial. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DONELSON, Special Commissioner, is adopted as the opinion of the Court.

The judgment of the trial court is accordingly reversed and the cause remanded for a new trial.

ANDERSON, P. J., WOLFE, J., and ELGIN T. FULLER, Special Judge, concur.