In the Interest of J—— O——, a child under seventeen years of age.

No. 31091.

St. Louis Court of Appeals.

Missouri.

Nov. 19, 1963.

Gordon E. Eliseuson, Clayton, for appellant.

Charles P. Moll, Pros. Atty., Franklin County, Union, for respondent.

PHIL H. COOK, Special Judge.

This was a proceeding under Chapter 211 RSMo 1959, in the Juvenile Court of Franklin County on a petition filed by the Juvenile Officer of the county charging that J. O., a child under the age of seventeen years, was a neglected child and in need of care and treatment. After a hearing, the trial judge ordered that J. O. be made a ward of the court under the supervision of the Franklin County Department of Welfare and placed her in the custody of her uncle and aunt, H. O. and M. O., reserving certain visitation privileges to M. O., the natural father of J. O. From this judgment, Mr. O. has appealed.

Appellant first complains that the court erred in admitting, over his objection as hearsay, certain statements made by him to third parties concerning treatment J. was receiving in the home of appellant and his present wife, a stepmother of J. Appellant bases his argument on the assumption that he "is not a party to the proceeding", and his statements to third parties "cannot be said to be admissions against interest and thus admissible as an exception to the hearsay rule." He cites Mash v. Missouri Pacific R. Co., Mo., 341 S.W.2d 822, and McKenzie Transport Leasing Co. v. St. Louis Public Service Co., Mo.App., 349 S.W.2d 370.

Prior to these proceedings, appellant, M. O., had the actual and legal custody of J——. The purpose of this proceeding was to terminate or suspend his right to that custody. He had a natural and legal interest in the subject matter of the case, to-wit: The welfare and custody of his daughter, J. He was present at the hearing with counsel and testified in his own behalf. Chapter 211 RSMo 1959, provides that the person who has custody of a child shall be summoned; that if the person who has custody is not the parent, then the parent "shall also be notified"; that "a capias may be issued for the parent"; that a parent has the right to petition for a modification of the Order of Custody; that costs may be adjudged against the parent; and that a parent has the right of appeal (which right was exercised in this case).

We rule that appellant was a *party* to this proceeding. It follows that statements made by the appellant to third persons relative to neglect and mistreatment of J—— while she was in his custody and living with him were properly admitted in evidence as admissions by a party to the action. Roush v. Alkire Truck Lines, Inc., Mo., 299 S.W.2d 518.

The second and final complaint of appellant is that "there was no substantial evidence to support" the judgment of the Court. The trial court found that M. O.,

natural father of J. and appellant herein, had "failed and refused to give said child the necessary care and protection for her welfare; that the environment and associations of said child are injurious to her welfare; and further that said child is in need of care and treatment".

J., who was twelve years old at the time of the trial, had lived with Mr. and Mrs. O., her father and stepmother, since she was two and a half years old. Mr. and Mrs. O. had been separated on several occasions. Mrs. O. testified that they "had some pretty serious arguments when he was drinking". Drinking had not been a problem for the last two or three years. About three years before this trial, Mrs. O. had Mr. O. arrested. He was fined, sentenced to thirty days, and paroled. The parole was later revoked for a few days and he was again paroled.

J. testified that about once a week Mrs. O. whipped her with her hands, a belt, or a peach stick, many times without cause or reason. "A lot of times" Mrs. O. "just wouldn't fix no supper". Once, Mrs. O. sent her to school with a banana and some crackers for her lunch. Mr. and Mrs. O. had fights or would fuss, every week or so. "Mom has hit Daddy a lot of times".

Several witnesses testified that Mr. O. complained many times that Mrs. O. didn't feed J. properly, and "was always knocking her around and hollering and screaming at her, whether she did it right or wrong, it was always the same". About seven weeks before the trial, Mr. and Mrs. O. separated for two or three weeks. "She threw me out, threw the clothes behind me and said, 'get out'". Mr. O. and J. lived together in a trailer during this separation. Ten days before the trial, J. ran away from home. John T. Giebler, Juvenile Officer, testified that after finding J. he tried to get her to go back home. He asked her uncles and aunts to try to convince her to return to her home. J. refused and stated that if taken home, she would run away again. On the day of trial, J. told the court that she still didn't want to go back and live with Mr. and Mrs. O.

Mr. and Mrs. O. denied all the evidence as to the mistreatment of J., and stated that they loved her and wanted her returned to their home. Mr. O. denied that he had complained to others about Mrs. O.'s treatment of J. Mr. O. testified that he had no objection to the way Mrs. O. treated J. Several witnesses testified that they had never seen J. mistreated.

Appellant, in his brief, concedes that "it is true that there was more than a normal amount of domestic discord in the O. home, which certainly affects the well-being of J. to some degree", but insists "there is no evidence that such discord was so serious as to substantially affect the child's welfare".

We recognize that the law presumes that the interest of a child is best served by awarding its custody to the parent and that a parent is not to be deprived of the companionship of his child except for grave reasons. State of Missouri v. Greer, Mo.App., 311 S.W.2d 49. In re M—— P—— S——, Mo.App., 342 S.W.2d 277. Still, under the facts of this case we cannot say that the trial court erred. We must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Section 510.-310 RSMo 1959. Likewise, in this case we must give due regard to the opportunity of the trial court to assess the determination of a twelve-year-old girl to "run away again" if required to return to her home. We believe that the trial judge was motivated by what he believed was best for the child and we rule that there was sufficient evidence to justify the judgment.

The judgment is affirmed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.