STATE ex rel. STATE HIGHWAY COM-MISSION of Missouri (Plaintiff), Respondent,

v.

John JACOBS et al. (Defendants),

Frank E. Little et al. (Intervenors-Defendants), Appellants.

No. 29346.

St. Louis Court of Appeals.

Missouri.

July 19, 1955.

James J. Milligan, St. Louis, for intervenors-appellants.

Robert L. Hyder, Ralph H. Duggins, Jefferson, for respondent.

JAMES D. CLEMENS, Special Judge.

Suit to set aside a right-of-way deed, and for compensation for easement now held by State Highway Department.

The plaintiff-respondent (the Commission) obtained a right-of-way deed from the intervening defendants-appellants (Littles) in July of 1949, paying them $1. Two months later the Commission brought condemnation proceedings covering numerous parcels. For reasons not clear to us, the Commission included in its petition as Parcel 25.10 the land now in question and claimed title thereto by quitclaim deed. But, the Littles were not made parties. In due time, commissioners were appointed and, again for reasons not apparent, they appraised the damage to the unnamed owners of Tract 25.10 at $1,845. The Littles then filed an intervening petition, asking first that the quitclaim deed be set aside because it was fraudulently obtained and, next, that "the proper compensation be determined for taking said land."

Trial was held in Division 6 of the Circuit Court of St. Louis County, with a jury sitting to pass upon the amount of damages, if and when that issue became pertinent. But, at the close of the Littles' evidence the trial court on oral motion struck that part of their petition which alleged fraud and directed a verdict and rendered judgment for the Commission. The Littles lodged their appeal in the Supreme Court on the theory that title to real estate was involved. The question of such title is merely incidental. The Littles concede that title is in the Commission, and in seeking to avoid the consequences of their deed they are merely trying to qualify themselves to obtain damages for the land. The Supreme Court transferred the case here.

Parcel 25.10 was a segment of an abandoned railway line lying between the Littles' land and the St. Charles Rock Road. The Littles pleaded that the Commission's agent, George V. Bradshaw, claimed to be a lawyer and told them that their property right in the parcel was of no value, that if they didn't execute a right-of-way deed the Commission would take the land without compensation, that they would have to go to Jefferson City to resist condemnation proceedings, and that squatters would build on the land. The Littles pleaded that these representations were fraudulent and induced them to sign the deed, to their damage.

The Littles introduced evidence of the $1,845 in damages assessed by the condemnation commissioners. They attempted to show by expert opinions that the value of the easement taken was actually $5,000 but the qualifications of their expert witnesses were denied by the trial court.

The Littles offered themselves as witnesses to prove their allegations of fraudulent representations made by the Commission's contracting agent Bradshaw. Bradshaw was dead at the time of the trial. The trial court ruled—correctly, we hold— that the Littles were incompetent under the dead man's statute, Section 491.010 RSMo 1949, V.A.M.S. The Littles' case must stand or fall on that ruling, and they strenuously argue that the rule is not applicable where the dead person was merely an agent and not himself a party to either the contract or the suit.

Under the common law, parties to a law suit were incompetent as witnesses, because of their interest in the outcome. The common law did not permit the trier of facts even to assess the weight to be given to their testimony. Then, in 1865 our legislature removed this disability as to parties, making them competent to testify except "where one of the original parties to the contract or cause of action in issue and on trial is dead * * *." This is the law today. So, the statute removes some of the old disabilities rather than creating new ones. The surviving party is still silenced because of this common law disability. The purpose of the exception is tersely stated by Judge Lamm in Griffin v. Nicholas, 224 Mo. 275, 123 S.W. 1063, 1079; "first, equality; second, * * * to shut the door on false swearing."

To this claim of their incompetency, the Littles say that Bradshaw was not a party to either the contract or the cause of action, but merely an agent for the Commission, and that for this reason they do not fall within the clutches of the exception to the enabling statute. Superficially, it would seem so. But, in the early case of Williams v. Edwards, 94 Mo. 447, 7 S.W. 429, 431, this same question first came before our Supreme Court. Judge Sherwood pointed out the salutory purpose of excluding the testimony of the surviving principal who had dealt with a corporation's agent since deceased, saying:

"* * * A corporation can only speak and act through agents. The agent represents the corporation, and if, after the death of an agent of a corporation, it were admissible for a party to come in and testify to a contract made with such deceased agent,— testify to facts unknown to the corporation, or any of its other agents,—it is easy to see that corporations would be without protection, where others in like circumstances are fully protected. I believe the statute * * * is broad enough to include within its beneficent provisions the contracting agent of a corporation, * * *."

That case has been followed and approved by our courts on numerous occasions, including Wagner v. Binder, Mo.Sup., 187 S. W. 1128; Ham & Ham Lead & Zinc Inv. Co. v. Catherine Lead Co., 251 Mo. 721, 741, 158 S.W. 369, and Bernblum v. Travelers Ins. Co., 340 Mo. 1217, 105 S.W.2d 941, 945.

The Littles rely on certain language in the later case of J. E. Blank, Inc., v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862, 868, to urge that we depart from this ruling. That case involved testimony not by the surviving principal, as here, but by one agent who had dealt with another agent, since dead. The Court held that an agent was never incompetent to testify under the common law, and hence was not affected by the statute. Referring to the Williams v. Edwards case by way of distinction, the Court said it seemed "to be of doubtful authority' in view of recent decisions, citing Maness v. Graham, 346 Mo. 738, 142 S.W.2d 1009, 130 A.L.R. 225; Bernblum v. Travelers Ins. Co., 340 Mo. 1217, 105 S.W. 2d 941, and Freeman v. Berberich, 332 Mo. 831, 60 S.W.2d 393. Those cases, however, do not seem to upset the rulings in the Williams v. Edwards line of cases, which we are now following. In the Maness and Bernblum cases the question involved was the competency of the surviving agent, not the surviving principal; and in the latter case Williams v. Edwards was distinguished and approved. In the Freeman case the Supreme Court ruled that in a tort case where a deceased employee had died, the surviving party could testify against the decedent's employer. The Court there pointed out the reason for a different rule in cases involving a deceased employee-tort feasor and those cases concerning a deceased contracting agent, and followed Williams v. Edwards. So, we cannot agree that the rule has been altered, and we hold that because the Commission's contracting agent Bradshaw was dead, the Littles were incompetent to testify as to their transactions with him.

█ The Littles advance the rather brittle argument that the Commission waived

their incompetency. The Littles filed interrogatories, one asking who paid the $1 consideration. The Commission answered saying it was Bradshaw. If the Commission had sought information from the Littles, say by deposition, then the Littles' incompetency would have been waived. Baker v. Baker, 363 Mo. 318, 251 S.W.2d 31, 33 A.L.R.2d 1431. But the Littles cannot render themselves competent merely by asking questions of the Commission. Nor are they thereby rendered competent even to refute statements attributed to Bradshaw. Poague v. Mallory, 208 Mo.App. 395, 235 S.W. 491, 495.

The Littles claim that even without their proffered testimony as to Bradshaw's fraudulent representations, there was still other evidence of fraud and that the trial court erred in summarily ruling against them.

■ They point to the commissioners' assessment of $1,845 and to the $1 recited consideration, and say that the discrepancy is so shocking that fraud should be presumed. It well may be that want of consideration is a "badge of fraud", but can a case of fraud be constructed with no other material than a lack of consideration? We think not. In Binnion v. Clark, 359 Mo. 202, 221 S.W.2d 214, 217, it was held that a conveyance without valuable consideration was good between the parties, the Supreme Court saying: "In all instances in which conveyances have been set aside there has been some other compelling circumstance in addition to mere inadequacy or lack of consideration."

The Littles rely on the cases of Welpton v. Jameson, Mo., 266 S.W.2d 594, and Frey v. Onstott, 357 Mo. 721, 210 S.W.2d 87. In both, there were the additional elements of fiduciary relationship and undue influence. The Frey case does make statements which at first blush seem to support the Littles' claim that fraud may be declared from a showing of inadequate consideration alone. But, Binnion v. Clark points out that the rule quoted in Frey v. Onstott is the English rule, and is not to be followed here. Further, a careful scrutiny of the Frey case discloses that the rule there laid down applies to instances where a fiduciary relation is present. And, the Frey case itself demolishes the Littles' contention, saying [357 Mo. 721, 210 S.W.2d 93]:

" ' "The general rule is that mere inadequacy of price or consideration is no ground for claiming the rescission of a contract in equity. * * * Equity does not undertake to act as the guardian of mankind. It does not aid people who make foolish bargains. * * * " ' "

■ From the record, we know only that the Littles saw fit to grant the Commission the right-of-way for $1, and that some time later the commissioners found the value to be $1,845. That is not enough to make their case of fraud.

■ The Littles say that the trial court abused its discretion in ruling that two proffered witnesses were not qualified to testify as experts on the value of the property taken. We need delve into this no further than to say that even so, such testimony would be merely cumulative on the issue of inadequate consideration. If admitted, it would not affect the outcome.

■ And, the Littles say the Court erred in striking the fraud-alleging paragraph from their petition, complaining that after the case had gone to trial it was too late to strike a portion of their pleading. As there was no evidence to support their allegations of fraud, this action of the trial court did not harm the Littles.

The trial court reached the right result, on proper grounds. Its judgment is affirmed.

ANDERSON, P. J., and MATTHES, J., concur.