Gary L. MULLENDORE, pro ami,
Plaintiff-Respondent,

v.

James GENTRY, Defendant-Appellant.

No. 23912.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Roy F. Carter, Kansas City, for appellant.

Michael F. Mahoney, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment for $5,000 and defendant has appealed.

On June 28, 1961, a clear, dry day, the plaintiff, Gary Mullendore, had brought his

automobile to a gradual stop in a line of non-moving traffic on Brush Creek Boulevard in front of the Nelson Art Gallery in Kansas City, Missouri. This particular line of traffic was lined up ahead of the plaintiff for approximately a half block, waiting for a traffic signal light. The Mullendore automobile, a 1957 Pontiac, was headed east, and it had been stopped for a number of seconds, somewhere in the neighborhood of twenty or thirty seconds in this line of eastbound traffic. While the Pontiac was stopped and waiting in this line of traffic, it was struck from the rear by a Ford automobile, which was being operated east on Brush Creek by the defendant, James Gentry. The force of the impact from the rear shoved the plaintiff's Pontiac forward approximately six to eight feet and into the rear of a Simca car that was stopped ahead of it in this line of waiting traffic.

Brush Creek Boulevard was straight and level at the point where this collision occurred, and it ran straight and level for approximately a block and a half leading up to the place where the collision happened.

The plaintiff had been travelling east on Brush Creek Boulevard for a considerable distance; he had not changed or switched traffic lanes, and he was completely within his proper lane of traffic at the time he was struck from the rear. The defendant had been following the Pontiac for about two blocks.

The defendant admitted that he did not see the plaintiff was stopped.

The plaintiff was thrown about inside his automobile, and received certain personal injuries to his head, neck and back, for which he consulted Vance Link, M.D., his family doctor, and F. L. Feierabend, an orthopedic specialist. He was examined and treated by Dr. Link or his office associates about seven times, the doctors' bill being $63.00. Dr. Feierabend saw the plaintiff on ten occasions, his bill for services being $105.00. Furthermore, the plaintiff was hospitalized for the treatment of his injuries at the Independence Sanitarium, where the hospital bill amounted to $154.75. The plaintiff has paid $32.00 to $33.00 for prescriptions.

There was evidence that the charges of Dr. Link were reasonable and necessary, that the charge of $55.25 for eleven X-rays taken of the plaintiff in the hospital was fair, reasonable and necessary, that the hospital bill was fair, reasonable and necessary.

The plaintiff did not suffer from these injuries before this accident, and there was evidence that this collision had caused the plaintiff to sustain a permanent type injury to his neck. There was much other testimony in regard to plaintiff's injuries and damages, but such further evidence would not be material to this appeal, because there is no claim that the verdict is excessive.

Defendant's first contention is that the court erred in giving on behalf of plaintiff Instruction No. 1, for the reason that it does not require a finding that plaintiff's injuries and damages were sustained as a direct and proximate result of defendant's negligence.

The instruction reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that plaintiff Gary L. Mullendore was the operator of the 1957 Pontiac on the occasion mentioned in evidence and that at the time and place mentioned in evidence plaintiff was operating such automobile in an easterly direction on Brush Creek Boulevard west of its intersection with Rockhill Road and that said Pontiac was standing in a line of traffic stopped on the south half of said Brush Creek Boulevard and that the defendant James Gentry was operating a Ford in an easterly direction on said Brush Creek behind and to the rear of said Pontiac and that at a time when the Pontiac had been standing in the position aforesaid for several seconds said Ford overtook and collid-

ed with the rear end of said Pontiac and knocked or pushed it forward into collision with the Simca automobile, and that defendant failed to exercise the highest degree of care and was negligent in allowing said Ford to so collide with the rear end of said Pontiac, if so, and that as a result of such negligence of defendant Gentry, if so, plaintiff was injured and damaged, and that plaintiff was not guilty of negligence as submitted in instruction 10, then, if you so find, plaintiff is entitled to recover and your verdict will be for the plaintiff and against the defendant".

■ There was no evidence whatsoever in this case from which the jury possibly could have inferred that the plaintiff's injuries and damages were caused by anything other than the negligence of the defendant or of the plaintiff or a combination of their negligence. Instruction No. 1 took each of these possibilities into consideration, and directed the jury to find (a) that the defendant was negligent in overtaking the Pontiac driven by the plaintiff and in allowing his Ford to collide with the rear end of the Pontiac at a time when the Pontiac had been standing in a line of traffic at a designated place for several seconds, (b) and that *as a result of such negligence of the defendant,* if so, that the plaintiff was injured and damaged", (c) and that the plaintiff was not guilty of negligence himself as submitted in defendant's contributory negligence instruction. An instruction must be considered in light of the evidence. Creech v. Blackwell, Mo., 318 S.W.2d 342.

■ As pointed out by the Supreme Court in the Creech case, 1. c. 351 of 318 S.W.2d:

" ' "If an instruction on contributory negligence requires the finding of negligent acts which, in the nature of things, necessarily contributed directly to cause the injury and necessarily formed a part of the efficient cause thereof, then the instruction cannot be held erroneous because it does not require the

jury to draw the inference which the law itself draws therefrom." ' *There is no magic in the words 'proximately' or 'directly'. Their function is to exclude remote and non-causative negligence".* (Emphasis supplied).

The same rule applies to a verdict-directing instruction as applies to a contributory negligence instruction. This is conceded by defendant in his brief.

Instruction No. 1 in the instant case specifically required the finding of negligent acts of the defendant, and it also required the definite finding that the plaintiff was not contributorily negligent, then why should it be held erroneous simply because it does not require the jury to draw the inference which the law itself draws therefrom?

In the case of Giambelluca v. Missouri Pacific Railroad Company, Mo.Sup., 320 S.W.2d 457, 1. c. 469, the court held:

"As a rule it is safer that an instruction submitting the issue of primary negligence or contributory negligence to modify the submission of the essential element of causation by the use of the word 'directly' (or 'proximately'). * * * However, where, as here, the instruction requires the finding of negligent acts which, in the nature of things, necessarily directly or proximately caused the injury, then the instruction cannot be held erroneous because it does not require the jury to draw the inference which the law itself draws therefrom. Creech v. Blackwell, supra; Wilson v. Toliver, Mo.Sup., 305 S.W.2d 423; Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912; Stumpf v. Panhandle Eastern Pipeline Co., supra [354 Mo. 208, 189 S.W.2d 223]".

The Giambelluca case, supra, was referred to by the St. Louis Court of Appeals in the recent case of Martin v. St. Louis Public Service Company, 368 S.W.2d 498, 1. c. 502:

. "In the instant case, the evidence excluded any remote acts of negligence

from the jury as did the wording of the instruction in the findings therein required of the jury; and while it would have been better form to do so, Giambelluca v. Missouri Pac. R. Co., supra, it was not prejudicial error to fail to use the words 'proximately' or 'directly' in the manner defendant urges".

■ In the present case, there was no evidence whatever that plaintiff's injuries and damages could have been caused by a purely accidental or remote cause. We rule the point against defendant.

■ At plaintiff's request, the court gave Instruction No. 3 on the measure of damages. Defendant contends that the instruction was erroneous because it allowed the jury to assess damages for mental suffering when there was no testimony to that effect. In the case of Caspermeyer v. Florsheim Shoe Store Company, Mo.App., 313 S.W.2d 198, 206, the court re-stated the long established rule in this state that:

"Physical pain and mental anguish, usually and to some extent necessarily flow from or attend bodily injuries. It was not necessary to make specific proof of pain and mental anguish. These elements of damage are sufficiently shown by the evidence which discloses the nature, character and extent of the injuries. From such evidence the jury may infer pain and mental anguish".

Defendant also says the instruction is erroneous because it allowed recovery for the reasonable cost of medical, hospital, doctors' and X-ray bills when there was no testimony as to the reasonableness of certain doctors' and medical bills.

There is no dispute that there was testimony as to the cost of all doctors', medical X-rays and hospital bills. Likewise, there is no dispute that there was evidence as to the necessity and reasonableness of Dr. Link's bill for services, the cost of X-rays and the bill from the hospital. Nor is there any dispute that the plaintiff paid for his prescriptions. The only items of special damages, of which the defendant now complains are the bill from Dr. Feierabend and the cost of the plaintiff's prescriptions.

■ Since the plaintiff testified he paid for his prescriptions this proof of payment would suffice as evidence of the reasonableness of the charges. Gooch v. Avsco, Inc., Mo., 340 S.W.2d 665, 669; Myers v. Karchmer, Mo., 313 S.W.2d 697, 707.

The plaintiff testified that his bill from Dr. Feierabend was $105.00. Granted that there was no direct evidence adduced that the charges of Dr. Feierabend were reasonable, nevertheless, it can be inferred that his charges were reasonable, when it is considered that there was testimony that Dr. Feierabend was an orthopedic specialist, that he had seen the plaintiff professionally on ten separate occasions, as compared to the testimony that the plaintiff had been seen by Dr. Link, or his associates, who were not specialists, about seven times, their doctors' bill of $63.00 being reasonable. The defendant did not question the reasonableness of Dr. Feierabend's bill.

■ In the case of Cordray v. City of Brookfield, 88 S.W.2d 161, Mo.Sup., an instruction allowing damages for medical charges was properly submitted with a mere showing of the amount of the bill. In the Cordray case, 1. c. 164, the court remarked that since the defendant did not question the reasonableness of the bill, and since the plaintiff acknowledged the bill, and since the services had been continued at regular intervals, there was a basis for a fair inference that the charges were reasonable. The contention lacks merit.

■ Finally, defendant contends that the instruction by directing the jury to take into consideration "the nature, character and extent of plaintiff's injuries", and the "physical pain and mental suffering" authorized a double recovery. In the case of Moss v. Mindlin's, Incorporated, 301 S.W.2d 761,

Mo.Sup., the following instruction was before the court:

"The court instructs the jury that if you find the issues in favor of the plaintiff and against the defendant as submitted in other instructions herein, then it becomes your duty to assess damages against the defendant in whatever amount you may find and believe from the evidence would properly and reasonably compensate the plaintiff for any and all injuries received as a direct result of the fall mentioned in evidence.

"In arriving at the damages, if any, you may take into consideration and account the following: *The nature, character and extent* of the injuries, if any, received by the plaintiff; *the pain, suffering and misery* which plaintiff has endured and which you may find and believe from the evidence as reasonably certain in the future to endure as a direct result of such injuries; the physical disability and impairment which you may find and believe from the evidence that plaintiff has suffered and may be reasonably certain to suffer in the future as a direct result of said injuries; * * * together with any future pain, suffering and disablement which you may find and believe from the evidence it is reasonably probable plaintiff may be expected to suffer and undergo as a direct result of said injuries". (Emphasis ours).

Regarding this instruction the court said: "The first paragraph clearly tells the jury that it is to assess damages against the defendant in whatever amount it may find and believe from the evidence will properly and reasonably compensate the plaintiff for any and all injuries received as a direct result of the casualty. The items which follow are matters which the jury may consider in assessing the damages correctly directed in the first paragraph. The detailed considerations in the second paragraph of the instruction would not be understood, in our view, as separate damages to be allowed in addition to the damages to be assessed by the first paragraph. They are within the allowable damage not additions to it".

Other cases in which similar instructions were before the court and were held not to be prejudicially erroneous are Brooks v. Mock, 330 S.W.2d 759, 768, Mo.Sup.; Keehn v. D. R. F. Realty & Investment Co., 328 Mo. 1031, 43 S.W.2d 416, 417; and Minks v. Smith, 367 S.W.2d 6, 8, 9, Mo.App.

The judgment is affirmed.

All concur.