**Gladys BRAUTIGAM and Paul Brautigam, Plaintiffs,**

**Paul Brautigam, Plaintiff-Appellant,**

**v.**

**Herbert K. HOFFMAN, Administrator of the Estate of William Richter, Deceased, Defendant-Respondent.**

**Gladys BRAUTIGAM and Paul Brautigam, Plaintiffs-Respondents,**

**v.**

**Herbert K. HOFFMAN, Administrator of the Estate of William Richter, Deceased, Defendant-Appellant.**

Nos. 33189, 33190.

St. Louis Court of Appeals.

Missouri.

July 15, 1969.

Motion for Rehearing or for Transfer to the Supreme Court Denied Sept. 15, 1969.

Norman Zaltsman, Clayton, for plaintiff-appellant.

Heneghan & Roberts, George F. Kosta, St. Louis, for defendant-respondent.

BRADY, Judge.

This appeal comes to the writer upon reassignment. Plaintiffs brought this action against defendant's predecessor as administrator of the estate of William Richter, deceased, in two counts: (1) for personal injuries which Gladys Brautigam suffered; (2) for damages Paul Brautigam sustained as a result of an automobile collision. Verdict and judgment were in favor of plaintiff Gladys Brautigam in the sum of $10,-500.00 and in favor of plaintiff Paul Brautigam for the sum of $4,500.00.

Defendant appeals from the trial court's action denying his after-trial motions for judgment in accordance with his motion for a directed verdict as to both plaintiffs. The trial court sustained defendant's after-trial motion as to Paul Brautigam on the grounds it erred in refusing to give defendant's offered Instruction F withdrawing evidence of his wife's hospital and medical

bills, and granted a new trial as to "* * * the verdict and judgment in favor of Plaintiff Paul Brautigam * * *." That plaintiff appeals.

Defendant contends plaintiffs failed to make a submissible case upon the submitted theory the deceased knew or by the exercise of the highest degree of care could have known there was a reasonable likelihood of a collision in time thereafter to have averted the collision by stopping, and that the testimony of the plaintiffs' witness Ashner was improperly admitted over objection. Defendant also contends the trial court erred in giving the verdict directing instructions offered by each plaintiff for the reason they do not require the jury to find there was an accident, a matter defendant contends was in dispute, and that the trial court should have given defendant's offered Instruction E withdrawing evidence relating to a city ordinance. In view of the result reached herein we deem it unnecessary to rule these contentions. While we reverse and remand this case, it is unlikely such issues will be raised upon retrial. Accordingly, we have deleted any statement of the facts bearing on the first of these two points, and as to the last have included only those facts necessary to a full understanding of why we have ordered this cause remanded instead of ruling outright reversal. There is no contention as to the excessiveness of either verdict.

Mrs. Brautigam testified that at about 9:00 P.M. on the day of this occurrence she was going to pick up her son from a Boy Scout meeting. The evidence with regard to the accident comes mainly from the testimony of the witness Ashner, a police officer of the City of Florissant, who received a report of the occurrence and conducted an on-site investigation. His testimony was that this was a four-way stop sign intersection with Florissant Road having a slight incline from north to south while Washington Street was level. Both streets provided for one lane of traffic in each direction. Ashner was asked if he

had talked to the deceased and upon replying that he had was asked what the deceased had told him. Defendant objected contending such testimony would constitute hearsay and violate the so-called "Dead Man's Statute" (§ 491.010 RSMo 1959, V.A. M.S.). The objection was overruled. Court and counsel agreed the same objection would be shown in the record with reference to any question put to Ashner concerning what the deceased said to him. The answer given was: "Mr. Richter stated to me at that time that he skidded on something at the stop sign and he tried to stop." Ashner then went on to testify that he saw the automobiles that were involved in the accident, one of which was a Ford and the other a Plymouth, and that the deceased told him he was driving the Plymouth south on Florissant Road.

The witness was then asked whether or not he talked to the plaintiff Gladys Brautigam at the scene and upon replying that he did was asked what she said to him. The objection was made that such a question called for hearsay and for a self-serving declaration. There was no ruling on the objection and immediately after it was made plaintiffs' counsel passed on to establishing how soon Ashner arrived at the scene after receiving the report of the accident. His testimony was that the report was received by him at 9:10 and he arrived at the scene within ten minutes. Plaintiffs' counsel then stated he was going to offer any statements made by Mrs. Brautigam as part of the res gestae. The trial court then overruled the objection previously made and plaintiffs' counsel again inquired of the witness what Mrs. Brautigam had said to him. Ashner testified: "The woman stated to me that she was coming west on Washington, stopped at the stop sign, and went across the street and her automobile was hit on the right side. Q All right. Now did she tell you which direction she was going and what automobile she was driving? A Yes, sir, she did. Q Which direction was she going? A Going west, sir, on Washington. Q

And which automobile was she driving? A The Ford."

Ashner's further testimony pertinent to the issues of this appeal was that he examined the Ford automobile and that it was damaged on its right side. The front of the Plymouth was damaged. He could not remember where the two vehicles were when he arrived at the scene or their position with reference to the intersection, and did not know whether or not they had been moved prior to his arrival. Ashner and another officer walked up Florissant Road in the direction from which the deceased had come to see if there was any gravel or mud or any similar matter that in their opinion would cause the car to skid, and they found nothing. There was no other evidence offered to further clarify the physical characteristics of the intersection such as the angle at which the streets intersected, the area of visibility for motorists approaching the intersection on either street, nor any similar matter.

Ordinance No. 971 of the City of Florissant, in effect on the date of this occurrence, was admitted into evidence as plaintiffs' Exhibit 4. Leave was granted plaintiffs' counsel to read its pertinent provisions to the jury. The ordinance provides that operators of vehicles traveling north or south on New Florissant Road are obligated to bring their vehicles to a complete stop at this intersection. Plaintiffs' amended petition alleged the deceased had unlawfully failed to obey the traffic controls at the intersection and by doing so had failed to comply with the ordinance. When the instructions were offered defendant asked the court to give Instruction E which withdrew the evidence of the ordinance from the jury's consideration. The trial court refused the request. During the course of its deliberations the jury requested it be supplied for review the authenticated copy of the ordinance as introduced into evidence and from which plaintiffs' counsel was allowed to read. Upon notification of such a request defendant's counsel renewed his request the trial court give withdrawal Instruction E. The trial court again refused to do so but also refused to send the copy of the ordinance to the jury.

As indicated earlier the trial court sustained the motion for new trial with respect to the plaintiff Paul Brautigam for the stated reason it had erred in refusing to give defendant's offered Instruction F withdrawing from the jury's consideration evidence of Gladys Brautigam's hospital and medical bills. Defendant contends there was no circumstantial evidence the hospital and medical bills represented reasonable charges and that even if they did the new trial should have been limited to the issue of damages alone. The evidence as to this issue shows that the plaintiff Paul Brautigam testified that the medical expenses paid by him for his wife totaled $3,756.45. The transcript discloses there was no objection as to his testimony on this issue except one interposed as to Mr. Brautigam's refreshing his recollection from a list he had compiled. When permitted, he broke the total amount down giving the amount and to whom each portion was paid. Again there was no objection as to the payment to or amount of any portion of the breakdown. It appears that of the total sum, Drs. Hoffmann and Earp received $682.00. The deposition of Dr. Hoffmann was read into evidence wherein plaintiffs' counsel asked Dr. Hoffmann if he knew what the charges had been to date and he stated what they were. Plaintiffs' counsel then asked Dr. Hoffmann: " * * * would you consider this to be a reasonable charge for the services and treatments given Mrs. Brautigam?" The answer was the charges were very reasonable.

Defendant contends plaintiffs failed to make a submissible case upon the submitted theory deceased knew or by the exercise of the highest degree of care could have known there was a reasonable likelihood of a collision in time thereafter to have

stopped. Whether we sustain this contention or not must depend upon the facts of this case. These we cannot determine without first ruling upon defendant's allegations of error with regard to the trial court's admission of Ashner's testimony as to what the parties told him. The objection made and the points briefed as to Ashner's testimony concerning what the deceased told him were that such testimony violated the so-called "Dead Man's Statute", § 491.010, supra, and constituted hearsay.

The first of these contentions is without merit. At common law all parties and all those interested in the outcome of the case were incompetent to testify. Sec. 491.010, supra, does not create a disqualification but abolishes the common law incompetency based upon the witness's interest as a party with the exception that where one party is deceased the already existing common law rule of incompetency is continued. State ex rel. State Highway Commission v. Jacobs, Mo.App., 281 S.W. 2d 597; Jackson v. Smith, 139 Mo.App. 691, 123 S.W. 1026. This matter was exhaustively dealt with in Freeman v. Berberich, 332 Mo. 831, 60 S.W.2d 393, 1. c. [6] et seq. 396–402, probably the leading case in this jurisdiction on the question of the application of the statute to actions ex delicto and the extent to which it is to be applied. Among other pertinent rulings on the point to be found in that decision is one controlling in the instant appeal; i. e., in ex delicto actions for personal injuries the statute does not apply except as to actual parties. Ashner was not a party and had no interest in the outcome of this action.

Defendant also contends Ashner's testimony as to what the deceased told him should be excluded as hearsay. We cannot agree. In Straughan v. Asher, Mo.App., 372 S.W.2d 489, 1. c. [5] [6] 494–495, this court quoted from Roush v. Alkire Truck Lines, Inc., Mo., 299 S.W.2d 518, 1. c. 520, where an admission against interest was distinguished from a declaration against interest on the basis the latter is in the nature of secondary evidence admissible only when the declarant is not available as a witness while the former is made by a party to the action or by someone identified in legal interest with that party and is admissible whether or not the declarant is available as a witness. The evidence with which we are here concerned related a fact which was against the apparent pecuniary interest of the deceased when he made his statement, it concerned a fact personally cognizable by him, and the circumstances rendered it improbable that there existed a motive to falsify the facts stated. In addition, the statement was made by the deceased with whom the defendant is identified in legal interest. Carpenter v. Davis, Mo., 435 S.W.2d 382. Under such conditions the evidence constituted an admission against interest admissible as exception to the rule prohibiting hearsay.

We pass now to defendant's contention the evidence Ashner gave with regard to what plaintiff Gladys Brautigam had told him should have been excluded by the trial court upon defendant's objection the question asked called for hearsay evidence and also for a self-serving declaration. There is no contention Ashner's testimony comes within that class of res gestae statements classified as verbal acts. See Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 1. c. 781, cited in Roush v. Alkire Truck Lines, Inc., supra. If Ashner's testimony as to what Mrs. Brautigam said to him is to be held properly admitted it must come under that part of the res gestae exception permitting testimony under certain circumstances as to statements made by a person involved in or present at an accident declaring the circumstances of the accident at or after its occurrence. Roush v. Alkire Truck Lines, Inc., supra. It has been repeatedly held the essential test of such a statement is spontaneity. Roush v. Alkire Truck Lines, Inc., supra; Wren v. St. Louis Public Service Co., Mo., 333 S.W.2d

92, l. c. [1] 94–95, and cases there cited. The burden rested upon the plaintiff to show facts which would warrant the admission of the statement as a part of the res gestae. Woods v. Southern R. Co., Mo., 73 S.W.2d 374; Wren v. St. Louis Public Service Co., supra. In the instant case immediately after the objection was made, plaintiffs' counsel attempted to establish the time the accident occurred under the apparent belief that if the statement was made a very short time after the event this would in and of itself establish the statement as a part of the res gestae. In this he is mistaken for the fact that an utterance is made a very short time after an event has little weight in establishing the statement as a part of the res gestae. Wren v. St. Louis Public Service Co., supra. But even if the contrary were true it would be of no aid to this plaintiff. This for the reason the evidence does not establish how soon after the event this statement was made. All Ashner testified was that he received the report of the accident at 9:10 and arrived at the scene within ten minutes. But the evidence as to when Ashner received the report does not establish when the accident occurred and this transcript is devoid of any other evidence establishing that time. Mrs. Brautigam's testimony that at about 9:00 P.M. she was going to pick up her son from a Boy Scout meeting is also inconclusive as to the time the accident occurred. In any event, we emphasize that time alone is not the decisive factor in establishing the statement made as part of the res gestae. There is no evidence in this record which tends to show that at the time Mrs. Brautigam's statement was made to Ashner she was under such influence of shock or pain or the excitement of the occasion so as to be unable or unlikely to reflect or reason before speaking so that when the statement was made it was the spontaneous utterance of thoughts created by or springing out of the event itself. See Roush v. Alkire Truck Lines, Inc., Mo., 299 S.W.2d 518, l. c. 522. It was error to admit Ashner's testimony as to what Mrs. Brautigam had said to him.

■ It follows from the rulings above that in determining whether plaintiffs made a submissible case we consider Ashner's testimony as to what the deceased told him but not as to what Mrs. Brautigam told him. Thus considered we hold the facts together with the reasonable and permissible inferences available to plaintiff fall far short of establishing a submissible case deceased knew or by the exercise of the highest degree of care could have known there was a reasonable likelihood of collision in time thereafter to have stopped. We do know that an accident did occur between these parties. This was established by plaintiffs' Exhibit 5 as to the admission of which defendant raises no allegation of prejudicial error in this appeal. We also know the accident occurred at a four-way intersection controlled by stop signs; that Florissant Road has a slight incline from north to south while Washington Street was level; that both roadways provided for one lane of traffic in each direction; that the deceased was driving a Plymouth south on Florissant Road; that the other automobile involved in the accident was a Ford; that the front of the Plymouth was damaged while the right side of the Ford was damaged; that deceased stated he skidded on something at the stop sign and tried to stop; and that there was nothing the investigating officer could see on Florissant Road that would cause the deceased to skid. From the statement the deceased made to Ashner the jury could fairly infer the deceased did not stop at the stop sign, but there was no evidence in this case as to the visibility the deceased had as he approached the intersection, as to where either of the automobiles were at the time the deceased should have first seen plaintiff, whether he could have then stopped in time to have avoided the collision, or any evidence of a similar nature. We hold plaintiffs failed to make a submissible case on the theory submitted.

**534**

What we have held above would normally compel reversal of the judgment as to Mrs. Brautigam. However, in making the determinations upon which such a decision would rest we have recited and confined ourselves to those facts bearing upon defendant's allegations of prejudicial error. There are other matters in this transcript which lead us to the conclusion an outright reversal would be unjust in the light of all the circumstances of this appeal. The transcript discloses that plaintiffs attempted to submit their case upon the theory of violation of the ordinance requiring defendant's automobile to stop and offered instructions to the court to that end. Plaintiffs' petition pled such a theory, the ordinance was proved, and there was evidence from which the jury could reasonably infer deceased violated it. The court refused to give such instructions. The situation is analogous to that facing the court in Wren v. St. Louis Public Service Co., supra, wherein it was held: "We have concluded, however, that in the exercise of a sound judicial discretion we should not reverse the judgment outright but should remand the case for a new trial. 'This court has often quoted with approval the statement in Smith v. Terminal R. R. Ass'n of St. Louis, Mo.App., 160 S.W.2d 476, 479, that "The furtherance of justice requires that a case should not be reversed without remanding unless the appellate court is convinced that the facts are such that a recovery cannot be had."' Reece v. Reed, Mo.Sup., 326 S.W.2d 67, 72. There are certain restrictions upon that rule but none are applicable here. See Smith v. St. Louis Public Service Co., 364 Mo. 104, 259 S.W.2d 692." If plaintiffs are unable to present evidence which would make a submissible case upon the theory which they submitted in the instant case, it seems likely they can make a submissible case upon another. In this regard see Lincoln v. Railway Exp. Agency, Inc., Mo., 359 S.W.2d 759, l. c. 763. See also Rowe v. Kansas City Public Service Co., 241 Mo.App. 1225, 248 S.W.2d 445, l. c. 448, and MacArthur v. Gendron, Mo.App., 312 S.W.2d 146, l. c. 150. The facts of this case are not such that convince us a recovery cannot be had and we believe justice requires a remand. Reece v. Reed, Mo., supra.

We pass now to the appeal of the plaintiff Paul Brautigam. The trial court granted defendant a new trial as to this plaintiff stating it was doing so as to " * * * the verdict and judgment * * * " in his favor. The assigned ground was error in refusing to give defendant's offered Instruction F withdrawing evidence of his wife's hospital and doctor bills for the reason there was no evidence of the reasonableness of such charges or evidence that they were reasonably necessary. As is apparent from that portion of this opinion setting out the evidence as to this matter, the only evidence of reasonableness as to any of the medical or hospital bills was that given by Dr. Hoffmann as to the bill that he and Dr. Earp submitted. The usual rule is that a plaintiff may not recover damages on account of items of special damage such as here involved in the absence of proof respecting the reasonable necessity and reasonable value of those services. Spica v. McDonald, Mo., 334 S.W.2d 365. See also Begley v. Adaber Realty & Inv. Co., Mo., 358 S.W.2d 785; Bauman v. Conrad, Mo.App., 342 S.W.2d 284; Wise v. Towse, Mo.App., 366 S.W.2d 506. However, payment has been held to be some evidence the charges are reasonable. Myers v. Karchmer, Mo., 313 S.W.2d 697; Mullendore v. Gentry, Mo.App., 377 S.W.2d 494. In the instant appeal the evidence was the plaintiff Paul Brautigam had paid for these services. In addition, we note that there was no real dispute as to the necessity or reasonableness of these amounts, defendant's objection being upon totally different grounds. When we consider this fact together with Dr. Hoffmann's testimony and the fact payment by Mr. Brautigam is undisputed, we rule there was no error in refusing the withdrawal instruction.

However, the trial court's order goes far beyond such a matter for a new trial as to the plaintiff Paul Brautigam was granted upon all issues. This was error. Having in mind our reversal and remand with regard to Count I of the petition dealing with the claim of Gladys Brautigam, cognizant there is no contention of excessiveness of the verdict as to either plaintiff, and aware of our ruling the submission of damages as to the plaintiff Paul Brautigam was without error, we hold the issue of damages was finally settled by this trial. Upon retrial absent a finding of negligence as to defendant there can be no verdict in favor of Paul Brautigam. Accordingly, the judgment is reversed as to the issue of liability alone as to both plaintiffs and the cause remanded for new trial on that issue. In the event that upon retrial verdict and judgment are in favor of both plaintiffs on the issue of liability, then judgment should be entered in their favor in the amounts found in the trial from which this appeal is taken.

WOLFE, P. J., concurs.