Larry M. WINTER, Plaintiff-Appellant, and
Essie M. Winter and Ernest Winter, her husband, Plaintiffs,

v.

Linda J. ELDER, Defendant-Respondent.

No. 25876.

Missouri Court of Appeals, Kansas City District.

March 5, 1973.

Sandra H. Poehlman, Platte City, for plaintiff-appellant.

Downs & Pierce, Don Pierce, St. Joseph, for defendant-respondent.

DIXON, Chief Judge.

Plaintiffs were a passenger who sued for personal injuries and the driver who sued in a separate count for property damage and for loss of use of the vehicle during the repair. The trial court submitted the count for personal injury to the passenger and a jury verdict was returned in favor of the plaintiff on that count. The trial court dismissed the count for property damage and for loss of use before submission to the jury.

The driver-plaintiff appeals contending his claim was properly pleaded and proven, and that he was entitled to a submission of the claim to the jury.

Defendant counters by first asserting the plaintiff has "released" his claim because the repairs to the vehicle were paid for by plaintiff's collision carrier and defendant's liability carrier had reimbursed the collision carrier for the amount of the repairs less the deductible amount on plaintiff's policy of $50, a total payment of $1,685.08.

No evidence of assignment in any form was offered, nor is there any evidence of a release of the plaintiff's claim. Defendant offered the evidence of payment prior to *voir dire* by an adjustor for the liability carrier who testified that the amount of the repair bill, less the $50, or $1,685.08, had been paid to the collision carrier. In the abbreviated transcript, no motion appears, but the trial court "denied the motion" at the conclusion of this testimony from which it may be inferred the court had been requested to strike the pleadings asking for property damage and that this evidence was offered in connection with that pre-trial motion.

The defendant now urges this *pre-trial testimony* as creating a "favorable inference" that plaintiff had released his claim. No such inference may be drawn from the testimony which relates entirely to payment between two insurers. In any event, the issues of a release or payment

are affirmative defenses, and the burden of proving such affirmative defenses is on defendant. Section 509.090 RSMo 1969, V.A.M.S. MAI 3.01 and Committee Comment. Hartley v. Oidtman, 410 S.W.2d 537 (Mo.App.1966), l.c. 545.

Defendant next contends that there was no evidence that plaintiff had been damaged since plaintiff's evidence showed only $1,200 damage and a larger sum had been paid.

 MAI 4.02 and the Committee's Comment thereto plainly indicate that plaintiff may recover for diminution in value after repair. The cases cited in the Committee Comment, and particularly Hayes v. Dalton, 257 S.W.2d 198 (Mo. App.1953), l.c. 201, provide sound support for that view. The plaintiff testified his car was worth $2,400 after repair (that being its trade-in value when traded) and that it was worth $3,600 before the accident. That evidence, if believed by the jury, would support plaintiff's pleaded claim of $1,200 damage despite the payment of $1,685.08 for repair.

 Plaintiff also asserts the evidence was sufficient to submit the claim for loss of use. There is no question that plaintiff finally testified to a reasonable rental value of 11 cents a mile and $11 a day. Defendant contends that there is no evidence that the six-weeks period for repair was a reasonable time for the repairs. The defendant relies on Central & South. Truck Lines v. Westfall GMC Truck, 317 S.W.2d 841 (Mo.App.1958), l.c. 853, and Orr v. Williams, 379 S.W.2d 181 (Mo. App.1964), l.c. 189, which unquestionably state the general rule that recovery on account of loss of use is limited to the period of time reasonably necessary or the time required by the exercise of proper diligence to secure repair. The defendant insists there is no evidence of a reasonable *time* to repair. Like evidence of payment of charges for medical services which is *some* evidence of the reasonableness of the charge, evidence of the time actually spent

on repair is some evidence of the time reasonably necessary. Myers v. Karchmer, 313 S.W.2d 697 (Mo.Sup.1958). Brautigam v. Hoffman, 444 S.W.2d 528 (Mo. App.1969). This conclusion is further supported by the undisputed evidence that there was heavy damage to the vehicle in the front area, that a strike had delayed delivery of parts, and that the car was removed from one garage and finished in another. There is no evidence plaintiff hindered or delayed the repair.

The items of diminution of value and loss of use should have been submitted to the jury. There is no reason to retry the issue of liability. The defendant has not questioned her liability. The cause is reversed and remanded for trial on the issues of property damage and loss of use with the issues being limited to the amount of such damages.

All concur.