**Larry GREEN, Plaintiff-Appellant,**

v.

**Hubert F. HASTINGS,
Defendant-Respondent.**

**No. 12079.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 9, 1981.

John B. Newberry, Springfield, for plaintiff-appellant.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendant-respondent.

TITUS, Judge.

Near noon on April 17, 1979, plaintiff, driving a motorcycle east on St. Louis Street in Springfield, collided with the right side of defendant's westbound automobile as it was making a left turn southward into a driveway leading to a hotel. Plaintiff sued for damages allegedly ensuing from personal injuries he received in the collision. Defendant counterclaimed for damages to his vehicle. A jury returned verdicts awarding plaintiff $8,000 in damages against defendant and exonerating plaintiff from liability on the counterclaim. Only plaintiff has appealed.

Plaintiff's two points relied on upon appeal state: "I. The verdict of the Jury awarding [plaintiff] $8,000.00 was against the weight of the evidence. The Jury found, by its verdict, that the [defendant] was negligent and that the [plaintiff] was not contributorily negligent but awarded [plaintiff] only a few dollars more than the uncontroverted medical expenses in evidence when there was uncontroverted evidence that [plaintiff] had suffered serious and permanent physical injury. II. The [plaintiff] is entitled to a new trial on the issues of damages alone since [defendant] has not appealed the verdict of the Jury, which was against him on his Counter-Claim, and has not appealed the verdict of the Jury on the issue of negligence on the part of the [defendant], which was against the [defendant], and because [defendant] would not be prejudiced by not re-trying the issues settled by the Jury."

Defendant urges, and justifiably so, that plaintiff's appeal should be dismissed for failure of his points relied on to have been composed in compliance with the dictates of Rule 84.04(d).[1] However, as the directions of Rule 84.08 [which serve to help emasculate the mandates of Rule 84.04(d)] have not been evoked to permit errant counsel additional chances to atone for the foibles of which defendant complains, we shall consider plaintiff's points, upon their merits, if any.

In reviewing this matter, we bear in mind that simply declaring the jury's award of $8,000 in damages was against the weight of the evidence preserves nothing for appellate review. Unlike the trial court, this court does not weigh the evidence in jury tried cases. *Robinson v. St. John's Medical Center, Joplin*, 508 S.W.2d 7, 11[1] (Mo.App.1974). Also to be remembered is that in personal injury suits the jurors, as fact-finders, are the sole judges of the credibility of the witnesses and the weight to be given their testimony. The jurors had leave to believe or disbelieve all, part or none of any witness' testimony albeit it went uncontradicted or undenied.

*Robinson v. St. John's Medical Center, Joplin*, supra at 11[3]; *Hartley v. Matejka*, 585 S.W.2d 240, 242[10] (Mo.App.1979).

As seen, infra, the evidence regarding the injuries and damages plaintiff may have suffered and sustained by reason of the accident was flimsy. At trial, plaintiff claimed to have no recollection of the casualty itself and complained of persistent partial amnesia. However, the physician who purportedly treated plaintiff for his loss of memory allegedly produced by the injuries was not called to testify. While plaintiff's testimony suggested he had not worked since the accident, he admitted he had never applied for nor sought employment after the casualty and had, in fact, been unemployed for a period of five or six months before the collision occurred. Plaintiff claimed that "both jaws was broken" in the accident, but the orthopedic surgeon who treated plaintiff for bone injuries to "the upper portion of the [left] humerus" and "the upper part of the [right] ulna" did not recall such an injury regarding the alleged fractured jaws. Admitting at trial that he had full range of motion of his right arm, plaintiff contended he could not "pick anything up with it." Contrawise and relevant to the right elbow injury, plaintiff's treating orthopedist testified the injury resulted in "[v]irtually very little disability." Although the orthopedic surgeon opined plaintiff's left shoulder injury produced loss of motion and strength in the joint, he was never asked for and did not give an opinion as to what percentage of disability plaintiff had sustained to that member. Another omission was the absence of any inquiry of the surgeon which would tend to establish the casualty as being the proximate cause of the medical charges for which plaintiff sought damages. Cf. *Fischer v. Famous-Barr Co.*, 618 S.W.2d 446, 448[2] (Mo.App. 1981). There was a complete dearth of evidence as to the charges any doctor may have made for plaintiff's care and treatment following and as a result of the accident. Plaintiff offered into evidence "a

---

1. References to rules are to Missouri Rules of Court 1981.

copy of charges from [the] Hospital on" plaintiff, the total of which was $7,251.03. While payment of charges for medical services may constitute *some* evidence of the reasonableness thereof [*Myers v. Karchmer*, 313 S.W.2d 697, 707[15] (Mo.1958); *Winter v. Elder*, 492 S.W.2d 146, 148 (Mo.App. 1973)], no evidence of payment of the hospital bill was ever tendered. As a general rule, plaintiff may not recover damages on account of medical or hospital charges absent proof, as here, respecting the reasonable necessity and value of such services. *Brautigam v. Hoffman*, 444 S.W.2d 528, 534[9] (Mo.App.1969).

■ Plaintiff's basic claim is merely that the verdict was inadequate as being against the weight of the evidence because it was only $748.97 in excess of a hospital bill which was not shown to have been reasonable nor to have represented charges for necessary services. *Spica v. McDonald*, 334 S.W.2d 365, 371[5, 6] (Mo.1960). As noted, supra, such an asseveration preserves nothing for appellate review as this court is powerless to reweigh the evidence once it has been weighed in the trial court. *Cohen v. Archibald Plumbing & Heating Company*, 555 S.W.2d 676, 678[1] (Mo.App.1977). Plaintiff has not here urged the averred inadequacy was the product of bias and prejudice, meaning the jury was guilty of such impropriety that the entire verdict must be vitiated. *Koehler v. Burlington Northern, Inc.*, 573 S.W.2d 938, 945[16] (Mo. App.1978). However, even should we transmogrify the balance of plaintiff's first point relied on into a contention the claimed inadequacy resulted from bias and prejudice, plaintiff still may not prevail. Considered alone, the mere size of a verdict is insufficient to establish that it resulted from bias, passion or prejudice. There must additionally have been some trial incident, occurrence or error of such a nature to engender bias, passion or prejudice which would permit of a conclusion that the verdict was the result of jury misconduct. No trial incident, occurrence or error of such a nature has been demonstrated by plaintiff and, in our review of the transcript, we have found none. *Friend v. Gem Interna-*

*tional, Inc.*, 476 S.W.2d 134, 140[20] (Mo. App.1971). Consequently, plaintiff's first point relied on is denied. His second point relied on, being dependent upon the success of the first point for survival, is also denied as now being moot.

Judgment affirmed.

GREENE, P.J., concurs.

FLANIGAN, J., concurs in result only.