Andrew A. FRANKUM, Plaintiff–
Appellant,

v.

Henry HENSLEY, Defendant,

Mid–Century Insurance Company,
Garnishee,

Missouri Delta Medical Center, a Not-
for-Profit Corporation, Intervenor–
Respondent.

No. 19392.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 14, 1994.

C.H. Parsons, Jr., Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for plaintiff-appellant.

James M. Hux, Hux & Hux, Sikeston, for intervenor-respondent.

CROW, Judge.

Andrew A. Frankum ("Frankum") appeals from a judgment in a garnishment proceeding enforcing a hospital lien asserted by Missouri Delta Medical Center ("Medical Center") against $25,000 of insurance proceeds in the registry of the trial court. The pertinent facts are undisputed.

Frankum was hospitalized at Medical Center after being injured in a two-vehicle accident. He sued Henry Hensley ("Hensley"), the driver of the other vehicle, and won a $300,000 judgment.

At Frankum's instance, a garnishment was issued to Mid–Century Insurance Company ("Garnishee"), Hensley's liability insurance carrier. Medical Center requested, and received, leave to intervene, maintaining it was entitled to a lien on any insurance proceeds received from Garnishee in satisfaction of Frankum's judgment.

Garnishee acknowledged coverage of $25,000 and paid that sum into court.

The trial court heard evidence and found: (a) Frankum incurred $533 in litigation expense, and (b) his attorney's fee was one-third of the net recovery. The trial court deducted those sums ($533 and $8155.66) from the $25,000 insurance proceeds, leaving $16,311.34. The trial court divided that sum equally between Medical Center and Frankum, awarding each $8155.67.

Frankum brings this appeal from that judgment. The first of his two points relied on reads:

"The trial court erred in entering judgment for . . . Medical Center on its hospital lien claim because there was no evidence that the charges made by the hospital were for necessary x-ray, laboratory, operating room and medication services rendered to . . . Frankum on account of injuries sustained in the motor vehicle accident. Since the hospital offered no evidence that its charges were for necessary services as required for an effective lien under both sections 430.230 and 430.235, . . . the hospital failed to meet its burden of proof on an essential element of its hospital lien claim."

Mary E. Johnson, Medical Center's director of patients' accounts, was the lone witness in the trial court. She identified a multi-page exhibit as Medical Center's itemized bill for Frankum's care and treatment. The bill totaled $18,495. Payments from an "insurance source" had reduced the unpaid balance to $16,866.95. Ms. Johnson explained that besides that debt, there were ambulance charges totaling $546.95, against which nothing had been paid.

Ms. Johnson testified without objection that the charges itemized on the bills were fair and reasonable, and were the customary charges by Medical Center for such services. On cross-examination, she conceded she was not involved in patient care, hence she never determined the care a patient should receive. Cross-examination continued:

"Q. And with regard to Mr. Frankum, you don't make any testimony today about what care was necessary for him or what injuries he even had, do you? You don't know anything about that aspect of this case, do you?

A. Other than the fact that he was injured and brought to our hospital and treated.

Q. But the particular injuries that he had or what particular treatment may have been necessary in his case, that's something that's not within your expertise?

A. I can tell you what his admitting diagnoses was [sic] because that's a part of our records.

Q. Well, my question is, it may be a part of your records, but I'm asking is that your expertise isn't something in that field, is it?

A. No, sir."

When Medical Center offered the bills in evidence, Frankum objected "on the basis of lack of foundation." The trial court received the bills in evidence over that objection.

■ Frankum's first point (quoted earlier) identifies two statutes, §§ 430.230 and 430.235, RSMo 1986. Each authorizes a lien of the type asserted by Medical Center. However, the statutes differ in some respects, one of which is that § 430.230 limits the lien for "treatment, care or maintenance" to "the cost of such services, computed at reasonable rates not to exceed twenty-five dollars per day and the reasonable cost of necessary X-ray, laboratory, operating room and medication service." The other statute, § 430.235, has no specific dollar limit.

As explained *infra,* we infer Medical Center did not seek its lien under § 430.230, but instead under § 430.235, which reads:

"Notwithstanding the provisions of section 430.230, every public hospital ... and every privately maintained hospital ... which is supported in whole or in part by charity, located within the state of Missouri, or any such hospital duly incorporated under the laws of Missouri providing for the incorporation of eleemosynary institutions, shall have a lien upon any and all claims, counterclaims, demands, suits, or rights of action of any person admitted to any hospital ... and receiving treatment, care or maintenance therein for any cause including any personal injury sustained by such person as the result of the negligence or wrongful act of another, which such injured person may have, assert or maintain against the person ... causing such injury for damages on account of such injury, for the cost of such services, computed at reasonable rates not to exceed the customary charges for the services and the customary charges for necessary X-ray, laboratory, operating room and medication services as such hospital ... shall render such injured person on account of his conditions. The lien set

forth in this section shall not be applied or considered valid against anyone coming under the workers' compensation law in this state. The lien set forth in this section shall be considered valid and may be applied against medical benefits paid anyone under the provisions of chapter 208, RSMo, whether such benefits are paid from state or federal funds, or a combination thereof."

Because Frankum was hospitalized at Medical Center only seven days, yet Medical Center nonetheless claimed a lien on half the money due Frankum (*see* § 430.250, RSMo 1986), we assume Medical Center sought to invoke § 430.235 (quoted above), thereby avoiding the $25–per–day provision in § 430.230. Our assumption is strengthened by Medical Center's brief, which discusses only § 430.235, not § 430.230.

■ As we understand Frankum's brief, he maintains Medical Center failed to prove it was entitled to a lien under either § 430.230 or § 430.235 in that its proof did not establish that the services itemized in its bill were for "necessary services rendered on account of [Frankum's] injuries." Frankum argues, "The hospital lien statues clearly provide that necessity of the services billed for is an essential element of the hospital's lien claim."

Frankum does not challenge the trial court's calculation of Medical Center's lien, nor does he question the applicability of § 430.235. His sole theory of error under his first point, as we grasp it, is, in his words:

"[Medical Center] failed to meet its burden of proof because there was no evidence that any treatment for which the charges were made was necessary. Since necessity of the treatment is a statutorily required element for the establishment of a hospital lien, [Medical Center's] lien claim must fail when that proof is lacking."

Frankum cites *Spica v. McDonald,* 334 S.W.2d 365 (Mo.1960), where a woman was injured in a two-vehicle accident. She won a jury verdict against the other driver, but appealed anyway, claiming the damage award was inadequate. One of her assign-

ments of error was that the trial court wrongly instructed the jurors that in assessing damages, they could not consider certain dental treatment she received. *Id.* at 370–71. Rejecting that contention, the Supreme Court said, "Appellant's recovery for such services depends not only upon proof of their *reasonable necessity,* but upon proof of their reasonable value or worth." *Id.* at 371[5] (emphasis added).

Other cases are in accord. *Hagedorn v. Adams,* 854 S.W.2d 470, 477[18] (Mo.App. W.D.1993), holds, "Recovery for medical expenses incurred as a result of a defendant's negligence in a personal injury action depends upon proof of the *necessity* and reasonableness of the medical expenses incurred." (Emphasis added). *Schaeffer v. Craden,* 800 S.W.2d 165, 166[1] (Mo.App.E.D. 1990), says the same thing.

The corollary is found in *Green v. Hastings,* 621 S.W.2d 549, 550–51[4] (Mo.App. S.D.1981), which holds that generally, a plaintiff in a personal injury action may not recover damages on account of medical or hospital charges absent proof respecting the *reasonable necessity* and value of such services. *Accord: Brautigam v. Hoffman,* 444 S.W.2d 528, 534[9] (Mo.App.1969).

Obviously, Medical Center itself had no claim against Hensley for the amount due it for care and treatment provided Frankum. Medical Center's claim to the insurance proceeds hinges on the lien it is asserting on Frankum's cause of action against Hensley.

The five cases cited above demonstrate that the proper way for Frankum to establish a claim against Hensley for the amount charged by Medical Center for Frankum's care and treatment would be to prove, among other things, that the care and treatment was reasonably necessary to heal the injuries suffered by Frankum in the accident. If, during his hospitalization at Medical Center, Frankum was treated for an ailment or condition unrelated to the accident, Frankum would have no right to recover the expense of that treatment from Hensley.

The obvious purpose of § 430.235 is to allow a hospital a lien on the injured person's cause of action against the tortfeasor for the care and treatment including "necessary X-ray, laboratory, operating room and medication services" for the injuries *resulting from the incident for which the tortfeasor is responsible.* The first sentence in § 430.235 sets forth the requirements for the lien and ends by saying "as such hospital … shall render such injured person on account of his conditions." Read in context, that proviso can mean only the conditions resulting from the negligence or wrongful act of the tortfeasor, not conditions attributable to some other cause.

We therefore hold Medical Center was required to present evidence sufficient to support a finding that the care, treatment and services for which it claims a lien were necessary to treat the injuries Frankum received in the accident. We are mindful this may require testimony by a medical expert, thereby incommoding Medical Center and other hospital lien claimants. However, as we have seen, that burden is no greater than the one the law places on an injured person seeking recovery of medical expenses from a tortfeasor.

 Medical Center argues the trial court may properly have concluded, from the evidence presented earlier by Frankum to obtain his judgment against Hensley, that all of the treatment rendered to Frankum by Medical Center was necessary to treat the injuries he received in the accident. The flaw in that argument is that such evidence is not included in the record here. This Court is confined to the record presented to it. *State ex rel. Kairuz v. Romines,* 806 S.W.2d 451, 453[1] (Mo.App.E.D.1991); *Williams v. Clean Coverall Supply Co., Inc.,* 613 S.W.2d 659, 664[10] (Mo.App.E.D.1980). Consequently, we cannot speculate about what evidence Frankum may have presented against Hensley.

 Because Medical Center failed to present evidence that the care, treatment and services for which it claims a lien were necessary to treat the injuries Frankum received in the accident, we hold the judgment must be reversed. That makes it unnecessary to address Frankum's second point, which challenges the admissibility of Medical Center's bill.

**692**

It is a settled practice of appellate procedure that a case should not be reversed for failure of proof without remanding unless the record indicates the available essential evidence has been fully presented and no recovery can be had in any event. *State ex rel. Division of Family Services v. Standridge*, 676 S.W.2d 513, 517 (Mo. banc 1984). Here, nothing in the record indicates Medical Center cannot, on remand, present proof to cure the evidentiary deficiency which required reversal.

The judgment is reversed and the cause is remanded for a new trial.

GARRISON, P.J., and PARRISH, J., concur.