Martha B. SCHAEFFER,
Plaintiff–Appellant,

v.

Daniel CRADEN, et al.,
Defendant–Respondent.

No. 58319.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1990.

Coggan R. Mills, Clayton, for plaintiff-appellant.

Kortenhof & Ely, Eric A. Ruttencutter, St. Louis, for defendant-respondent.

Richard C. Homire, St. Louis, for respondent American Family Mut. Ins. Co.

KAROHL, Judge.

Plaintiff, Martha Schaeffer, appeals from a jury verdict of $2,500 in her favor against defendants, Daniel Craden and American Mutual Insurance Company. Schaeffer sued defendants for personal injuries sustained in an automobile collision with Craden. Schaeffer claims the trial court erred in excluding evidence of her unpaid medical bills because this evidence was competent, relevant and material. We affirm.

On September 1, 1986, Schaeffer was driving south on Hanley Road in St. Louis County. Craden was also traveling south on Hanley Road. Hanley Road, which has four lanes, becomes Laclede Station Road where it intersects with Litzsinger. Schaeffer was near the Litzsinger intersection in the curblane when Craden's pick-up truck came into her lane and sideswiped her automobile. The impact caused Schaeffer to hit her head on a satchel containing silverware.

Schaeffer did not seek emergency medical attention. As a result of the collision, Schaeffer experienced severe headaches and ringing in her ears. Several days later she went to a hospital emergency room with these complaints. Dr. Jones, the emergency room physician, referred Schaeffer to Dr. Sharp. After examining Schaeffer, Dr. Sharp diagnosed the ringing in her ears as tinnitus. Schaeffer also

consulted an eye doctor, and doctors Horenstein, Rifkin, Weiss and Eckert. She testified she paid Dr. Sharp $450, Dr. Jones $125, Dr. Horenstein $325, Dr. Rifkin $200, Dr. Weiss $250, Dr. Eckert $130 and prescription expenses of approximately $200. These bills total $1,680.

At trial the only medical expert testimony presented by Schaeffer was a video deposition of Dr. Sharp. His testimony supported a finding of causation between the collision and the medical complaints of headaches and tinnitus. Dr. Sharp also testified to the necessity and reasonableness of his expenses and two magnetic reasonance imaging [MRI] tests prescribed by Dr. Weiss and given to Schaeffer. The $1,470 bill for these tests was not paid. Dr. Horenstein testified for defendants. He, of course, testified as to the reasonableness of his charges to Schaeffer.

Schaeffer's sole point on appeal is trial court erred by excluding evidence of unpaid medical bills incurred by Schaeffer because this evidence was "competent, relevant and material." In support of her point relied upon, Schaeffer alleges additional claims of trial court error. However, because these claims of error are not contained in Schaeffer's point relied upon, they are not properly preserved for appeal. Rule 84.04.

■ Recovery for medical expenses incurred as a result of defendant's negligence in a personal injury action depends upon proof of the necessity and reasonableness of the medical expenses incurred. *Spica v. McDonald*, 334 S.W.2d 365, 371 (Mo. banc 1960). An injured plaintiff may recover the reasonable value of necessary medical and hospital services incurred as a result of defendant's negligence whether paid or unpaid. *Kansas City v. Martin*, 391 S.W.2d 608, 613 (Mo.App.1965). The mere receipt of a bill for medical services rendered does not by itself prove either necessity or reasonableness thereof. *Spica*, 334 S.W.2d at 371. However, substantial evidence of reasonableness may be inferred from payment of such bills. *Wright v. Fox–Stanley Photo Products, Inc.*, 639 S.W.2d 407, 410 (Mo.App.1982).

■ We find no error in the rulings of the trial court. It properly followed these rules. The court permitted Schaeffer to testify about the amount of all paid medical bills. She testified she had not paid the $1,470 charge for two MRI tests but this sum was before the jury and was supported as necessary treatment and reasonable charge by Dr. Sharp's testimony. Schaeffer's counsel argued to the jury that she spent $3,500 in medical bills. The sum of the paid bills, $1,680, and the unpaid expense for the tests, $1,470, totals $3,150. No objection was made to the amount argued. It follows the trial court did not err in requiring either evidence of payment of bills for connected medical treatment or evidence of reasonableness of unpaid bills. In this case Schaeffer had the benefit of proof of substantially all medical expenses which could have been proven, even Dr. Sharp's total bill. Schaeffer saw Dr. Sharp twenty to twenty-five times. He testified the visits were necessary and his reasonable charge was $50 per visit. Hence, the available proof of his charges was $1,000 to $1,250. This was $550 to $800 more than Schaeffer paid. Even so, she was allowed to testify to the number of visits and Dr. Sharp's per visit charge was in evidence.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.