**Mark ROGERS & Tracy Rogers, Plaintiffs/Respondents,**

v.

**RICCI ASSOCIATES, INC., Defendants/Appellants.**

**No. 60620.**

Missouri Court of Appeals, Eastern District, Division Four.

April 14, 1992.

Rehearing Denied May 12, 1992.

Weiss, Goffstein, Kraus, Seigel & Sherman, Sandford Goffstein and Michael S. Weinberg, St. Louis, for defendants, appellants.

Paul J. Seele, St. Louis, for plaintiffs, respondents.

KAROHL, Judge.

This is a direct appeal from an amended judgment entered by an associate circuit judge. The case was tried to the court without a jury. We have jurisdiction because the prayer for relief on each of three alternative counts requests a judgment in excess of $5,000. Section 512.180.1 RSMo 1986. In each count plaintiffs, Mark and Tracy Rogers, sought to recover damages consisting of medical bills incurred in connection with Tracy Rogers' pregnancy and the subsequent birth of their child. Blue Cross–Blue Shield denied coverage on the bills. Plaintiffs contend defendant Ricci Associates Inc. misrepresented the facts regarding health insurance coverage. The trial court entered judgment on one count for the Rogers in the amount of $6,093.83 actual damages, $1,000 punitive damages, attorneys fees and costs. We reverse.

Dubro Catering obtained group health insurance with Blue Cross–Blue Shield for its employees, including Tracy Rogers, with the assistance of Ricci Associates, Inc. The effective date of the policy was December 31, 1988. On January 16, 1989, a doctor confirmed Tracy Rogers was pregnant with a due date of September 10, 1989.

Prior to the birth of the child Blue Cross–Blue Shield paid some, but not all, medical bills submitted by the Rogers. In June 1989 the Rogers moved to Indianapolis, Indiana. Tracy Rogers terminated her employment before the move. However, she made several payments of premiums to maintain Blue Cross–Blue Shield coverage formerly provided by Dubro. After the birth of the child Blue Cross–Blue Shield denied coverage on the basis of the preexisting condition clause in its insurance contract. The validity of this defense has not been tested. However, there is no dispute that Tracy Roger's pregnancy commenced prior to the effective date of the insurance policy. Prior to coverage by Blue Cross–Blue Shield she was not insured on any other policy. The policy contained a $1,000 benefit for preexisting conditions. Apparently, Blue Cross–Blue Shield paid that amount, some before and some after the birth of the child.

The Rogers filed a three count petition alleging negligent misrepresentation, fraudulent misrepresentation and breach of contract. Their theory was that Steve Ricci, a licensed insurance agent and broker, on behalf of Ricci Associates, Inc., falsely assured Tracy Rogers that her medical expenses associated with the pregnancy would be covered by the Blue Cross–Blue Shield group policy.

Originally the trial court entered judgment for Ricci Associates, Inc. on Counts I and II, with a judgment for the Rogers on Count III. The judgment on the breach of contract claim awarded actual and punitive damages. The Rogers filed a timely motion for new trial. The court overruled the motion and on the same day amended the judgment. The amended judgment found for Ricci Associates, Inc. on Counts I and III and for the Rogers on Count II, the fraudulent misrepresentation claim. The amount of actual and punitive damages did not change.

Ricci Associates, Inc. appeals the judgment entered for the Rogers on Count II.

It claims the Rogers failed to prove all elements of fraudulent misrepresentation; reasonable reliance, proximate cause and damages. Part of Ricci Associates, Inc.'s claim of error relates to the failure of the Rogers to prove medical bills were fair and reasonable, and therefore, they failed to prove damages. Resolution of this appeal on this issue depends upon whether the Rogers offered evidence from which the court could find the nature and extent of damages. We find there was no such evidence and do not address sufficiency of proof of reasonable reliance and proximate cause.

At trial, Tracy Rogers testified she spoke with Steve Ricci "about whether or not I would be covered. And he assured me that I would be covered, and that ... as long as I hadn't been to the doctor prior to the insurance starting." She specifically asked Steve Ricci about the 270 day preexisting condition exclusion clause which was described in her employee booklet. She remembered a statement by Steve Ricci that she would be covered if she had not been to a doctor or otherwise was aware of her pregnancy, before the insurance coverage began because "they wouldn't be able to consider it a preexisting condition. And even if there was a problem he had the power to push it through."

The Rogers' evidence regarding damages consisted of the testimony of Tracy Rogers, bills submitted to her by doctors and hospitals (exhibits 2–7), and two checks written by Tracy Rogers which she sent as payment of insurance premiums to continue coverage after she terminated employment. The Rogers did not introduce the two checks for the purpose of proving damages. By their own statement to the court the two checks were introduced only "for consideration for the contacts [sic]." Thus, the checks issued to pay premiums are not relevant to the question of sufficiency of proof of damages.

During her testimony Tracy Rogers was permitted to identify exhibits 2–7, six medical bills, which totaled $6,960.82. If there was coverage, Blue Cross–Blue Shield was obligated to pay 90% of the bills. How-

ever, the evidence regarding the bills offered by the testimony of Tracy Rogers as well as admission of the bills was subject to a timely objection that the Rogers had failed to offer a proper foundation to support a finding that the medical bills were fair and reasonable. Ricci Associates, Inc. also objected on the ground the bills were hearsay. The court allowed the testimony for the limited purpose of proving Tracy Rogers had received the bills. Thereafter, the court refused to permit her to testify the bills were "accurate." The bills were not paid and the Rogers offered no evidence by any medical care provider.

The Rogers offered exhibits 2–7, by the following: "I would move for their introduction. I know that they're hearsay but my position is they go to Plaintiff's state of mind as to what she believes was owed as a result of this pregnancy and delivery." Ricci Associates, Inc. immediately objected claiming no proper foundation because there was no proof the bills were fair and reasonable. It further objected, "there is no foundation as to what bills would have been paid", if the Blue Cross–Blue Shield policy covered the bills. The further objection also made reference to testimony by Tracy Rogers that *"some"* bills were paid by Blue Cross–Blue Shield. However, there was no proof to support a finding identifying how the payments were credited; some may have applied to the medical bills. The court admitted the exhibits without comment.

The judgment for plaintiffs must be reversed because there is no substantial evidence to support it. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We have summarized in detail all the evidence available to the trial court in determining the nature and extent of damages claimed by the Rogers in Count II, fraudulent misrepresentation. Tracy Rogers' belief regarding medical bills was not substantive proof of damages. Nor were the bills properly admitted over the objection in the absence of proof that they were fair and reasonable charges for services rendered by medical care providers. *Schaeffer v. Craden*, 800 S.W.2d 165, 166 (Mo.App. 1990).

There is an additional defect regarding damages. Tracy Rogers testified she would have consulted a clinic if aware there was no health insurance coverage. There is no evidence, however, regarding the cost of less expensive, alternative care. The Rogers would be entitled to recover only the difference between fair and reasonable charges for medical care, as provided and if proven, and the amount they would have incurred absent insurance. *Id.* The Rogers failed to prove any fair and reasonable covered charges. They also failed to prove the alternative charges alluded to by Tracy Rogers.

In the absence of substantive evidence to support a finding and judgment on damages the Rogers failed to make a submissible case. The judgment is reversed.

SMITH, P.J., and AHRENS, J., concur.